Submitted on briefs January 27, affirmed March 17, 1925.

## M. P. VANDERPOOL *v.* E. BURKITT.

(234 Pac. 289.)

**Judgment—General Rule as to Admissibility of Judicial Record Stated.**

1. Generally, judicial record is admissible to establish its own rendition and all legal consequences resulting therefrom, but to be admissible at all as against a stranger to judgment, proof of rendition of judgment must be material to some issue.

---

1. See 10 R. C. L. 1116.

**Judgment—Admission of Judgment Rendered in Another Action Held Prejudicial Error.**

2. Admission in evidence of judgment rendered in another action as evidence of facts recited therein *held* prejudicial error, where fact of its rendition was not in issue, and defendant was a stranger to judgment, and it was given a conclusive effect as against him.

**Evidence—Parol Evidence Admissible to Prove Failure of Consideration.**

3. Parol evidence is always admissible to prove a failure of consideration.

**Money Received—Money Paid Out on Contract, Consideration of Which has Failed, may be Recovered With Interest.**

4. Money which has been paid out on contract, consideration of which has failed, may be recovered with interest, except when failure of consideration is caused by plaintiff's own fraud or illegal conduct.

**Estoppel—Money Received—Assignee of Conditional Contract Held Estopped to Assert Title Against Subsequent Purchaser—Subsequent Purchaser Held not Entitled to Recoup Against Mortgagee.**

5. Where seller of motor-truck clothed purchaser under conditional contract with *indicia* of ownership, seller's assignee was estopped from asserting title against subsequent *bona fide* purchaser, and where latter, sued as defendant in replevin, made no defense, he could not recover his loss from mortgagee, who also in good faith loaned money to original purchaser on security of latter's title.

**Estoppel—One Enabling a Third Person to Occasion a Loss must Sustain It.**

6. Where one of two innocent persons must suffer by acts of a third, he who has enabled such person to occasion a loss must sustain it.

**Estoppel—Innocent Person Dealing With Apparent Owner will be Protected in Rights Acquired.**

7. Where owner of property allows another who is in actual possession of it to appear as owner, innocent persons who are led into dealing with apparent owner will be protected in rights acquired whether at law or equity.

**Estoppel—Rights of Innocent Persons Dealing With Apparent Owner are Derived from Conduct of Real Owner.**

8. Rights of innocent persons dealing with apparent owner of property do not depend on his actual title or authority, but are derived from conduct of real owner, who is precluded from disputing against them existence of title or right which he allowed to appear vested in apparent owner.

3. See 10 R. C. L. 1052.
4. See 21 R. C. L. 177.
5. See 24 R. C. L. 498.
6. See 10 R. C. L. 376.
7. See 10 R. C. L. 802.

New Trial—Judgment on Verdict Including Part of Amount Demanded in Cause of Action of Which Plaintiff not Entitled to Recover Held Properly Vacated.

9. Judgment entered on verdict for plaintiff was properly vacated, where plaintiff was not entitled to recover on his first cause of action, and verdict included a part of amount demanded therein.

From Multnomah: JOHN P. KAVANAUGH, Judge.

In Banc.

'AFFIRMED.

For appellant there was a brief over the names of *Mr. J. G. Arnold* and *Mr. Henry Bauer.*

For respondent there was a brief over the names of *Mr. Ralph A. Coan* and *Messrs. Malarkey, Seabrook & Dibble.*

RAND, J.—Plaintiff had judgment on the verdict in the court below. The defendant moved to set aside the judgment and for a new trial pursuant to Section 174, Or. L., and from an order sustaining the motion plaintiff appeals. That section provides that a former judgment may be set aside and a new trial granted on motion of the party aggrieved for any of the causes referred to in the statute which materially affected the substantial rights of such party. Where, under the provisions of this statute, a former judgment has been set aside by an order of the Circuit Court on motion of the defendant, the ultimate question for decision upon appeal is, was there error occurring at the trial in relation to any of the matters referred to in the statute which materially affected the substantial rights of the defendant? To determine this question it is necessary to consider

9. See 20 R. C. L. 245.

the causes of action set forth in the complaint and the transaction out of which they arose.

The complaint sets forth two causes of action, both growing out of plaintiff's purchase of a truck from one R. C. Jaffee upon which the defendant had a chattel mortgage. Jaffee had contracted to purchase the truck from the Motor Service Company under a conditional sale contract which contained a stipulation that the title to the truck should not pass to him until the whole purchase price had been paid, and was in default when the mortgage to defendant was given and when plaintiff purchased the truck from Jaffee. The General Motors Acceptance Corporation, as assignee of the Motor Service Company, because of Jaffee's said default, commenced an action against the plaintiff to recover possession of the truck, and recovered judgment in said action. At the time of his purchase of the truck from Jaffee plaintiff assumed and agreed to pay defendant's mortgage. Plaintiff satisfied said mortgage and at that time both plaintiff and defendant believed that Jaffee was the absolute owner of the truck. In his first cause of action plaintiff seeks to recover from the defendant, as money had and received, the amount he paid to defendant in discharge of the mortgage, and bases his right to recover upon the ground that the consideration for which the payment was made has wholly failed. By his second cause of action he seeks to recover damages growing out of certain alleged false and fraudulent representations concerning Jaffee's supposed ownership of the truck which, it is alleged, were made to him by defendant at the time he purchased the truck.

The transaction, in detail, out of which these causes of action arose, is substantially as follows: On

November 8, 1920, Jaffee contracted to purchase a truck from the Motor Service Company under a conditional sale contract which contained a stipulation that title to the truck should not pass to him until the whole purchase price had been paid, and that upon his default in making any of the payments provided for, his vendor should have a right to the immediate possession of the truck. The balance of the unpaid purchase price amounted to $968.31, and, by the terms of the contract, was payable in three equal quarter-annual installments. At said time Jaffee also executed and delivered to his said vendor a negotiable promissory note payable to its order for the balance of the unpaid purchase price of the truck, which note bore the same date as that of the conditional sale contract and contained a description of the truck in question and also the following recital: "This note covers deferred installments under a conditional sale contract made this day between the payee and maker hereof." Jaffee's said vendor thereupon offered to sell said security to the General Motors Acceptance Corporation, but that corporation refused to purchase said security unless Jaffee would agree to pay the unpaid balance in monthly payments, and thereupon said Motor Service Company entered into another conditional sale contract with Jaffee providing for monthly payments, and wrote across the face of said note, "Paid, Motor Service Co., by A," and delivered said note with said indorsement written thereon to Jaffee and took from him another note in lieu thereof. On December 24, 1920, Jaffee, having said truck, canceled note and first of said conditional sale contracts in his possession, borrowed from the defendant, who had no notice that the truck had not been paid for, the sum of $350,

and gave his promissory note therefor, which, in terms, was payable on March 1, 1921, and delivered to defendant said first-mentioned contract and said first-mentioned note with said written indorsement thereon, showing that the same had been paid in full, and to secure the payment of said loan gave defendant a chattel mortgage on said truck, and in said chattel mortgage stipulated that said truck should be delivered to a garage and be held as dead storage until defendant's note was paid. Pursuant to said stipulation said truck was placed as dead storage in a garage and a claim check was issued and delivered to defendant under the terms of which no one but the defendant could remove said truck from said garage. On January 24, 1921, plaintiff contracted with Jaffee for the purchase of said truck, and in payment therefor he assumed and agreed to pay the note given to defendant by Jaffee and also to sell and deliver to Jaffee an automobile for which he was to be allowed in exchange the sum of $1,150. Thereupon plaintiff delivered said automobile to Jaffee, and in pursuance of his agreement with Jaffee signed his name, as one of the makers thereof, to the note given by Jaffee to defendant and received from defendant the conditional sale contract and the canceled note which had been given by Jaffee to the Motor Service Company and which had been delivered to defendant by Jaffee at the time defendant loaned said sum, and with defendant's consent said truck was taken from said garage and delivered to plaintiff, and thereafter on March 2, 1921, plaintiff paid defendant the sum of $355.80 in satisfaction of defendant's said note and chattel mortgage. At the time this payment was made neither plaintiff nor defendant had any knowledge or notice that the truck

had not been paid for or that Jaffee was not the absolute owner thereof. Jaffee failed to pay any of the amounts due under said conditional sale contract, and on June 8, 1921, because of his default, the General Motors Acceptance Corporation, as assignee of the Motor Service Company, commenced action in the Circuit Court for Multnomah County against this plaintiff, as sole defendant, to recover possession of said truck. Plaintiff appeared in said action and filed an answer, but subsequently, through his attorney, orally stipulated in said court and cause that the General Motors Acceptance Corporation was the owner and entitled to the immediate possession of the truck, and, based upon said stipulation, judgment was given in that action against this plaintiff for the possession of the truck. Because of the proceedings in that action plaintiff now contends that the consideration for which he paid defendant's note and mortgage has wholly failed and that he is entitled, because of such failure, to recover the sum of $355.80, which he paid to defendant in satisfaction of said note and mortgage. He also contends that under his second cause of action he was entitled to recover the agreed valuation of $1,150 placed upon the automobile delivered to Jaffee in exchange for the truck, because of defendant's statement to him that Jaffee's title to the truck was good and that he had investigated Jaffee's title and had seen or had talked with a representative of the Motor Service Company in regard to the title of Jaffee to the truck and had been told by such representative that the truck belonged to Jaffee. In his testimony plaintiff testified that defendant told him that if he would assume the mortgage he would turn the truck over to him and plaintiff could go ahead and use the truck, and that

that was his reason for signing the note. These representations as to Jaffee's title plaintiff alleges were false and fraudulent and were made by defendant to induce him to buy the truck, and relying upon them and believing them to be true be purchased the truck.

It is contended by the defendant that the evidence offered by the plaintiff in support of his first cause of action was insufficient to establish a failure of consideration for plaintiff's payment of defendant's note and mortgage. In support of the issue upon that question plaintiff offered, and there was received in evidence over the objection and exception of the defendant, the judicial record of the proceedings of the trial in the action wherein judgment for the possession of the truck was awarded to the General Motors Acceptance Corporation. The defendant contends that the admission of this record was error, while the plaintiff contends that a judgment is always admissible to prove that a judgment has been rendered, the time of its rendition and the terms and legal effect of the judgment.

1-3. The general rule is that a judicial record is admissible to establish the mere fact of its own rendition and of all the legal consequences resulting from that fact, even as against one who was a stranger to the action in which the judgment was rendered, but to be admissible at all, as against a stranger to the judgment, proof of the fact that the judgment was rendered must be material to some issue in the case. In this case there was no such issue. The fact that a judgment was rendered was not mentioned or referred to in the pleadings and this record shows that the defendant was a stranger to the judgment. He was not a party to the action nor in privity with

either the plaintiff or the defendant in the action, and hence he had no right to make a defense or to control the proceedings or to appeal from the judgment. He could neither offer testimony in defense of the action nor cross-examine any witness who might be called to give evidence on behalf of the plaintiff in that action. Not having a right to do any of these things, and there being no identity of interest in the subject matter of that action between this defendant and the defendant in that action, he was a stranger to the cause, and as to him the judgment is not evidence of the facts recited in it.

The term "privity," says Mr. Greenleaf, "denotes mutual or successive relationship to the same rights of property," and the term "parties" "includes all who are directly interested in the subject matter and have a right to make defense or to control the proceedings and to appeal from the judgment." 1 Greenleaf on Evidence (16 ed.), §§ 189, 523.

Since the defendant was not a party to the action nor in privity with either of the parties he was not concluded by the judgment rendered in that action nor was the same binding upon him, and, it not being a matter in issue, proof of it was not admissible. However, since parol evidence is always admissible to prove a failure of consideration (see 2 Williston on Contracts, § 634), we think that if there had been other evidence tending to establish a failure of consideration the mere erroneous admission of the judgment would not have materially affected the substantial rights of the defendant. But, because of the conclusive effect, as against this defendant, which was given to the judgment upon the trial, we think its admission and the effect given to it upon the

trial was an error which materially affected the substantial rights of the defendant.

In offering this record in evidence plaintiff's counsel stated, among other declarations to the same effect: "I expect to offer in evidence judgment roll in the case of the General Motors Acceptance Corporation against Mr. Vanderpool, whereby the plaintiff in that case replevied the truck and took title to it and there were findings of fact and a judgment to that effect. And I might say I might just as well offer that in evidence at this time, and that will show that Mr. Vanderpool, the plaintiff in this case, did not get title to the truck, that he never had title to the truck, and that he lost possession of the truck and does not have possession of the truck. That is, this judgment-roll itself would show that. * * I offer that for the purpose of showing that this automobile truck in controversy here was legally taken away from the plaintiff, who was the defendant in that case." To the legal consequences thus claimed for this judicial record defendant strenuously objected, but his objections were overruled and the record was received and treated as conclusive evidence against this defendant of the facts recited in it.

In support of his contention that the judgment-roll was admissible, as evidence against this defendant, to prove the fact of a failure of consideration of the moneys paid by plaintiff to defendant, plaintiff cites, among other authorities, 10 R. C. L. 1116. This authority does not sustain his position. The authors there say: "Upon established principles a judgment binds and is admissible against parties to the suit in which it is rendered; and privies are, of course, bound, as they are the representatives of the real parties; but beyond these a judgment *in personam* is

evidence only of the fact of its own rendition,—it may not be introduced to establish the facts upon which it has been rendered. It is an axiom of the law, that no man shall be affected by proceedings to which he is a stranger—to which, if he is a party, he must be bound. He must have been directly interested in the subject matter of the proceedings—with the right to make defense, to adduce testimony, to cross-examine the witnesses on the opposite side, to control, in some degree, the proceedings, and to appeal from the judgment. Persons not having these rights are regarded as strangers to the cause.'' There are well recognized exceptions to the rule, but the facts of this case do not bring it within any of them.

In this case the fact that this judgment was rendered, not being a matter in issue and plaintiff being a stranger to the judgment, the judgment was not admissible for any purpose. But if the fact that the judgment had been rendered had been in issue, since defendant was a stranger to it, it would only have been admissible for the purpose of establishing the fact of its rendition and the legal consequences resulting from that fact, but not to prove any of the facts upon which it was rendered. This judgment was introduced for the purpose of proving the facts recited in the judgment and was treated and considered in the trial· of the cause as conclusive evidence of those facts. This was error which materially affected the substantial rights of the defendant because it gave to the judgment an effect to which, if it had been admissible, it was not entitled as against a stranger to it. Mr. Greenleaf, at Section 538, states the rule as follows: ''But, as we have before remarked, the verdict and judgment in any case are always admissible to prove the fact, that the judgment

was rendered, or the verdict given; for there is a material difference between proving the existence of the record and its tenor, and using the record as the medium of proof of the matters of fact recited in it. In the former case, the record can never be considered as *res inter alios acta;* the judgment being a public transaction, rendered by public authority, and being presumed to be faithfully recorded. It is therefore the only proper legal evidence of itself, and is conclusive evidence of the fact of the rendition of the judgment, and of all the legal consequences resulting from that fact, whoever may be the parties to the suit in which it is offered in evidence.''

4, 5. Where a party has paid out money on a contract, the consideration of which has failed, he may recover back the money with interest; but where the failure of consideration was caused by his own fraud or illegal conduct he has no right to recover back the money. This plaintiff, when sued for the possession of the truck, had a good and sufficient defense which he was bound to make before he could rightfully demand repayment to him by defendant of the amount he had paid to defendant in satisfaction of defendant's chattel mortgage on the truck. Instead of making a defense he stipulated for the entry of the judgment against him and thereby brought about the very thing of which he complains. Both plaintiff and defendant acquired their respective rights in the truck *bona fide* and for value. At the time they acquired those rights Jaffee was in the actual possession of the truck and claimed to be the owner thereof and had in his custody and possession a promissory note which, in the handwriting of the Motor Service Company, particularly described the truck and recited that the amount for which it had been given was the

balance due upon the purchase price, and that this
amount had actually been paid. Having clothed
Jaffee, while in the actual possession of the truck,
with this apparent ownership of it, the Motor Service
Company enabled Jaffee fraudulently to first mort-
gage the truck to defendant and then sell it subject
to the mortgage to plaintiff. The General Motors
'Acceptance Corporation could not obtain from its
assignor, against *bona fide* purchasers, a better title
than its assignor had, and took the assignment subject
to all of the defenses that could have been interposed
against the Motor Service Company. By delivering
possession of the truck to Jaffee and clothing him
with the apparent ownership of the truck the Motor
Service Company invested him with the usual evi-
dence of title and an apparent authority to dispose
of it on the faith of which both plaintiff and defendant
dealt with Jaffee in good faith and for value. Be-
cause of said affirmative acts of the Motor Service
Company in conferring the apparent title and au-
thority to dispose of the truck upon Jaffee, its as-
signee was precluded, by the application of the doc-
trine of estoppel, from asserting in the replevin
action, as against the plaintiff, its real title to the
truck, and it was the duty of this plaintiff, who had
knowledge of the facts, to assert and maintain his
defense before he could become entitled to maintain
an action against this defendant to recover the money
paid to defendant in satisfaction of defendant's
chattel mortgage on the truck.

6–8. One of the principles under which an estoppel
arises is that where one of two innocent persons
must suffer by the acts of a third he who has enabled
such person to occasion the loss must sustain it. An-
other well-established principle is that where the

true owner of property allows another, who is in the actual possession of it, to appear as the owner of it or to have full power of disposition over it, and innocent persons are thus led into dealing with such apparent owner, such persons will be protected in the rights so acquired, whether contested at law or in equity. The rights of such innocent persons "do not depend upon the actual title or right or authority of the party with whom they have directly dealt, but are derived from the conduct of the real owner which precludes him from disputing against them the existence of the title or right or power which he caused or allowed to appear to be vested in the party making the sale." Bigelow on Estoppel (6 ed.), p. 607.

9. Under his first cause of action plaintiff sought to recover the sum of $355.80, and by his second cause of action the sum of $1,150. The verdict was for $1,330.80 and hence included both demands. Since plaintiff was not entitled to recover upon his first cause of action and the verdict included a part at least of the amount demanded therein, it was not error for the court to set aside the judgment entered on the verdict.

Whether plaintiff can recover at all upon his second cause of action, in view of his failure to make a defense in the action for the recovery of the truck, is a question which has been discussed but indifferently in the briefs of counsel, and for that reason we express no opinion upon it.

For the reasons stated the order appealed from is affirmed.                          AFFIRMED.