Argued December 10, 1959, affirmed January 27, 1960

TAYLOR ET UX *v.* GRANT ET AL
TAYLOR ET UX *v.* THORNTON ET AL
349 P. 2d 282

*Wilber Henderson,* Portland, argued the cause for the appellants. With him on the brief was Guy Cordon, Washington, D. C.

*William E. Hurley,* Portland and *C. X. Bollenback,* Portland, argued the cause for the respondents. With them on the briefs were Bernard, Bernard & Edwards, Jonathan Edwards, Maguire, Shields, Morrison, Bailey & Kester and James G. Smith, all of Portland.

Before McAllister, Chief Justice, and Perry, Sloan and King, Justices.

SLOAN, J.

Each of these consolidated cases is an action for money had and received. Judgment for defendants in each case is appealed by plaintiffs. The detailed

facts which prompted these actions are set forth in previous cases involving the same or equivalent parties and the same transaction. *Siniscal v. United States,* 208 Fd2 406, (9 Cir, 1953); cert den 348 US 818, 75 S Ct 29, 99 L ed 645; *Taylor et ux v. Grant et al,* 204 Or 10, 279 P2d 479, 279 P2d 1037, 281 P2d 704. The detailed facts there related will not be repeated.

It is sufficient to explain that the defendants Grant and Thornton were Indians and, by inheritance, were the owners of Indian allotments of valuable timber land in Curry county. In 1951 the land had been appraised by a forester of the Indian Service of the United States government for $135,000. This was a fraction of the real value of more nearly one million dollars. Applicable federal law, 25 USC § 372, 25 CFR 241.11, 241.17–241.33, provided that the land could be sold to another Indian at the appraised price by private sale. It could be sold to a non-Indian by public auction and bid only. The plaintiffs, and others, knowing the real value of the land, induced the defendants, who were admittedly incompetent at the time, to sell their land for the appraised price. To overcome the federal restrictions and for obvious reasons to avoid public sale and notice plaintiffs handsomely paid another Indian to act as a dummy purchaser. This was done and the plaintiffs obtained temporary possession and a government-approved transfer of the land. When the government discovered the fraud it instituted the suit, *United States v. Siniscal,* previously mentioned (reported as *Siniscal v. United States,* supra), to set aside the transaction. Siniscal was the dummy purchaser. The purported transfer was voided.

In the meantime the defendant Portland Trust Bank had been appointed conservator of the estates of the two Indians, Grant and Thornton. That bank,

as conservator, obtained custody of the remaining part of the purchase price for the land not already squandered by the defendants, Grant and Thornton. After the Circuit Court of Appeals set aside the transaction, plaintiffs filed a suit, *Taylor et ux v. Grant et al,* supra, to recover the purchase price paid to Grant and Thornton and to impress a trust upon that part of the purchase price remaining in the hands of the Portland Trust Bank. This court affirmed the decree of the trial court which permitted the plaintiffs in that suit, who are also plaintiffs now, to recover that part of the purchase price. The purpose of these actions is to recover the remainder of the purchase price not recovered in the previous suit.

When it granted the plaintiffs Taylor the relief just mentioned, this court was extremely careful to hold that the right to restitution of the unexpended funds was within an exception to the clean hands doctrine and that the exception had very limited application. The opinion of this court in *Taylor et ux v. Grant et al,* supra, presents a clear finding of fraud upon the part of plaintiffs in the original transaction. The defendants plead that the former decree was res adjudicata of this action. They also relied on the defense of fraud and the effect of a federal statute, to be mentioned later.

■ To overcome the defense of res adjudicata the plaintiffs, in the case now under consideration, rely upon an ambiguously worded provision of the decree of the trial court in the former case, *Taylor et ux v. Grant et al,* supra, purporting to reserve to the plaintiffs a right to prosecute a further action. The provision of the former decree relied on reads:

"It further is ADJUDGED and DECREED: That this Decree is without prejudice against the

> plaintiffs for any claim they may have against either the Defendant Jasper Grant or the Defendant Harold F. Thornton in respect to the subject matter ($135,000.00) of the suit entitled, "The United States of America, as Trustee and Guardian and Ex Rel. of the Estates and Persons of Jasper Grant and Harold F. Thornton, versus Ernestine C. Siniscal, Et Al.", instituted in the United States District Court for the District of Oregon, Clerk's Registry No. Civil-6374, as finally determined by the Circuit Court of Appeals for the Ninth Circuit in an appeal from the Decree in said proceedings."

This part of the decree was not mentioned by this court in the previous decision.

The plaintiffs argue that this provision in the former decree reserved to them the instant cause of action. In no event, however, can it be said that this provision of the former decree, just quoted, attempts to weigh the merits of the plaintiffs' present cause of action. Whatever may have been the intent of Judge Frank Howell, who tried the previous suit as a circuit judge pro tempore, in inserting the quoted part of the decree we do not attempt to appraise. It did not limit the defendants to any defense they may have to the present action.

The trial court in this case, the late Judge Martin Hawkins, held that the former suit was res adjudicata of this action and barred the relief here prayed for. Judge Hawkins gave no efficacy to the so-called reservation. Whether or not Judge Hawkins was right in that determination forms the basis of most of the argument here. We find it unnecessary to decide the case upon that issue.

■ After the final adjudication of the federal case, *Siniscal v. United States,* supra, the land of the defendant Indians, Grant and Thornton, was lawfully

sold for a very large sum of money. That money was placed in the custody of the conservator, the defendant Portland Trust Bank. The evidence does not show that the bank holds any other funds of either Grant or Thornton. In this action, of course, plaintiffs hope to gain a judgment against the defendant bank and thus be afforded access to the funds the bank holds. Plaintiffs have overlooked an insurmountable defect in their plans. 25 USC § 410 provides:

> "No money accruing from any lease or sale of lands held in trust by the United States for any Indian shall become liable for the payment of any debt of, or claim against, such Indian contracted or arising during such trust period, or, in case of a minor, during his minority, except with approval and consent of the Secretary of the Interior."

Although this statute has been on the books for more than 50 years, we can find no case in which it has been construed. However, its provisions are so clear in their application to this case that we have no hesitancy in holding that the statute precludes the recovery of any judgment against the defendant bank for any of the money it held at the time this case was filed. The money held by the defendant bank accrued from the "sale of lands held in trust by the United States for any Indian" (in this case the defendants Grant and Thornton) and the present action seeks payment of a "debt of, or claim against, such Indians contracted or arising during such trust period, . . ." The facts of this case bring it within the terms just quoted. No further consideration is necessary of the action against the defendant bank. It only remains to be decided if a judgment against the defendants Grant and Thornton is warranted by the evidence for any reason.

■ This is an action for money had and received. The rules of equity govern the action. *Lanham v. Reimann,* 177 Or 193, 198, 160 P2d 318. It is also said that:

> "Where a party has paid out money on a contract, the consideration of which has failed, he may recover back the money with interest; but where the failure of consideration was caused by his own fraud or illegal conduct he has no right to recover back the money. \* \* \*" *Vanderpool v. Burkitt,* 113 Or 656, 667, 234 P 289. Restatement, Restitution, § 140.

■ The trial court did not pass upon the defense of fraud pleaded by the defendants. However, we hold that the fraud perpetrated by these plaintiffs is a bar to their right to recover anything more than was allowed in *Taylor et ux v. Grant et al,* supra. The fraud attempted by the plaintiffs was iniquitous and intentional. A careful reading of the opinion in *Taylor et ux v. Grant et al,* supra, 204 Or at p 37, discloses that plaintiffs were permitted to recover, despite their fraud, only because the fund to be reached was a part of the unexpended purchase price. It appears that if that were not so this court would then have denied plaintiffs any recovery.

The more usual case of this kind is presented when a minor or incompetent disaffirms a contract induced by fraud upon the minor or incompetent. In that case the rule is clear that:

> "\* \* \* If the infant, having used or parted with the property while still an infant, no longer possesses it, by the weight of authority, and as a logical consequence of his incapacity, he may avoid either an executory promise, or an executed transfer, or a release of a cause of action, without any liability for what was given him in exchange. \* \* \*" 1 Williston, Contracts (rev ed) 701, § 238.

■ *Blomquist v. Jennings*, 119 Or 691, 250 P 1101, is authority for the rule that a defrauded minor need not make restitution in order to rescind a transaction entered into as a result of the fraud. See also, Restatement, Restitution, § 62, and comments thereto. The defendants in this case were acknowledged incompetents when the original transaction was made. The rule just mentioned applies to this situation. *Jefferson v. Rust et al,* 149 Iowa 594, 128 NW 954. *Heckman v. United States,* 224 US 413, 446, 32 S Ct 424, 56 L ed 820, lends support to this holding.

■ Plaintiffs argue that we cannot consider the defense of fraud for two reasons. One is that there was no fraud against these defendants. The anomalous argument is made that the only fraud was against the United States government, acting as trustee for the Indians. This requires no comment. The other argument is that the trial court decided the case on the question of res adjudicata and so we are limited to that defense. Since the defendants prevailed in the trial court it was not incumbent upon them to cross-appeal in order to have this court consider defenses not decided by the trial court. *Reid v. Reid,* 69 Adv Sh 1095, 1103, 219 Or 500, 348 P2d 29.

The judgment appealed from is affirmed.