Argued April 6, reversed with instructions September 21, petition
for rehearing denied by opinion November 24, 1972

ARTMAN, *Respondent, v.* RAY ET AL, *Appellant*s.

501 P2d 63
502 P2d 1376

*Robert A. Lucas,* District Attorney, St. Helens, argued the cause and filed briefs for appellants.

*H. Kenneth Zenger,* Hillsboro, argued the cause for respondent.

DENECKE, J.

The plaintiff obtained a verdict and judgment against all the defendants for the conversion of his 1949 Ford pickup. The defendants appeal.

The defendant Ray, a deputy sheriff, observed the pickup on the side of the road for several weeks and had it towed by the defendant Davies into Davies' garage. Several weeks later plaintiff located his truck. Davies told plaintiff that before he could take his pickup he would have to pay a $12 towing charge and a $52 storage charge. Subsequently, plaintiff wrote to defendant Wilburn, the sheriff, demanding that the truck be returned to the place from which it was removed and that all towing and storage charges be satisfied. The pickup was not returned and the sheriff notified plaintiff he was selling it as an abandoned vehicle. The vehicle, however, still remains in the hands of the sheriff.

At the close of the evidence, the trial court ruled that the initial removal of the pickup did not constitute a conversion because it was an abandoned automobile and that Davies had a right to have a lien on the vehicle for reasonable charges for towage and storage. ORS 483.386. It was left to the jury to decide whether the defendants' failure to deliver the car upon demand was a conversion.

■■ The trial court was in error in submitting the case to the jury on the theory that a conversion action could be maintained regardless of whether plaintiff tendered an amount equal to a reasonable charge for towage and storage. One must be entitled to immediate possession of a chattel before he can successfully contend that the actor's failure to yield possession constitutes conversion. Restatement (Second), Torts § 225

(1965). If the person refusing possession has a lien on the chattel, there is no right to immediate possession until the amount of the lien is tendered.

The plaintiff contends the charges for storage were unreasonable. This may be. The making of a claim, however, for excessive charges by the lienor does not dispense with the necessity of a tender in the amount of a reasonable charge by the one demanding possession. *Simons v. Brashears Transfer and Storage,* 344 P2d 1107, 1112 (Okla 1959); *Athans v. Jones,* 277 SW2d 192, 194 (Tex Civ App 1955). A tender is not necessary if it is found that the lienor would not release the chattel unless the excessive charges were paid in their entirety. There is no basis for such a finding in this case.

The plaintiff argued in his brief and orally that the trial court was wrong in ruling that the initial removal of the pickup and towage to Davies' garage did not amount to a conversion as a matter of law. Such argument, however, was made in support of the verdict and not as a ground for a new trial. The defendants correctly observed that such a contention is not material to the verdict which was based upon defendants' refusal to comply with plaintiff's demand and it is moot as plaintiff was not asking for a new trial because of the claimed erroneous ruling. For these reasons we hold that the plaintiff is foreclosed from contesting the trial court's ruling.

The problem facing a respondent in plaintiff's position is as follows: He has a favorable judgment which the appellant seeks to overturn. The respondent seeks to uphold the judgment. If the appellant succeeds in reversing the judgment, however, the respondent contends he is entitled to a new trial be-

cause of errors the trial court made, but which were harmless to the respondent as long as his judgment remained unreversed.

The legislature has provided a procedure for one instance of this kind. ORS 19.130(2) provides:

"Where in the trial court a motion for judgment notwithstanding the verdict and a motion for a new trial were made in the alternative, and an appeal is taken from a judgment notwithstanding the verdict or an order granting a new trial, the court to which the appeal is made may consider the correctness of the ruling of the trial court on either or both motions if such ruling is assigned as erroneous in the brief of any party affected by the appeal, without the necessity of a cross-appeal."

Some of our opinions state that the respondent must cross-appeal in order to contend on appeal that if the judgment for respondent cannot be sustained, the respondent is entitled to a new trial or other relief because the trial court erroneously made a ruling adverse to the respondent. Examples of such statements are *Swick v. Mueller*, 193 Or 668, 674, 238 P2d 717 (1952); *Pearson v. Twohy Bros.*, 113 Or 230, 245, 231 P 129, 36 ALR 1113 (1925); *Minter v. Durham*, 13 Or 470, 481, 11 P 231 (1886).

We are now of the opinion that a cross-appeal is unnecessary and illogical unless the respondent is contending that the judgment is in error, which is not the situation with which we are concerned. When the respondent is seeking to sustain the judgment he should not be required to cross-appeal from the judgment in order to preserve for appellate court's consideration alleged errors by the trial court. This was the conclusion we reached in *Reid v. Reid*, 219 Or 500,

534

509-512, 348 P2d 29 (1959); and *Taylor v. Grant, Thornton,* 220 Or 114, 121, 349 P2d 282 (1960).

Although no cross-appeal is necessary, it is essential that the respondent unequivocally make the alleged error an issue on appeal and clearly contend that if the judgment cannot be sustained, the respondent is entitled to a new trial or other relief because of the alleged error of the trial court. An assignment of error is an appropriate, although not necessarily exclusive, device to clearly make such claimed errors issues. ORS 19.130(2), above quoted, provides for the use of an assignment of error.

In *Reid v. Reid,* supra (219 Or 500), and *Taylor v. Grant, Thornton,* supra (220 Or 114), the respondent in his brief very clearly stated that if the appellate court did not sustain the judgment upon the same ground that the trial court did, the judgment was sustainable upon another ground which the trial court either erroneously rejected or did not pass upon. As a result of such statement the issue was joined. The plaintiff in the instant case did not follow such a procedure.

Reversed with instructions to enter judgment for the defendants.

536

Huffman and Zenger and H. Kenneth Zenger, Hillsboro, for the petition.

No appearance contra.

DENECKE, J.

Plaintiff filed a petition for rehearing.

The plaintiff brought this action for conversion alleging defendants converted the plaintiff's truck by (1) having it towed into a garage and also (2) by refusing to return it to plaintiff unless he paid the tow and storage charges. The trial court found the initial pick up did not constitute a conversion; however, it submitted the second allegation to the jury who found it was a conversion and awarded punitive damages. We held that under the circumstances the withholding for payment of charges was not a conversion.

Plaintiff argued that the judgment should be sustained because the trial court erred in not submitting to the jury the question of whether the initial pick up of the car was a conversion. We held plaintiff was foreclosed from contesting this ruling of the trial court because even if such argument was correct the verdict could not be sustained upon this ground. Plaintiff in his petition contends we were in error in this regard, as well as others.

Our opinion may be misleading as regards the reasons for the ruling in this particular case. For this reason we will attempt clarification.

■ If the trial court erred in not submitting to the jury the issue of whether the first pick up was a conversion, the judgment nevertheless cannot be affirmed. The judgment was based upon a verdict that the subsequent withholding of the vehicle for the payment of charges was a conversion. The jury may or may not have found that the initial pick up was a conversion. The principal amount awarded by the jury was for punitive damages. Assuming the issue of punitive damages could be submitted to the jury on the initial pick up, the jury may or may not have awarded punitive damages.

■ If the plaintiff's argument is construed to be that the trial court erred in not holding as a matter of law that the initial pick up was a conversion, the alleged error will not permit an affirmance of the judgment. As above stated, the jury may well have decided the issue of punitive damages differently if the conversion were found to be the initial pick up. In addition, the plaintiff did not preserve this issue for appeal. He expressly refused at trial to move the court to rule as a matter of law that the initial pick up was a conversion.

■ Plaintiff is not entitled to a new trial because at no time on appeal did he even impliedly urge that he was entitled to a new trial if the judgment should be reversed.

Petition denied.