Argued April 27, appeal dismissed by opinion October 2, reconsideration denied November 7, 1978, petition for review allowed March 2, 1979

BUDGET RENT-A-CAR OF WASHINGTON-
OREGON, INC., *Appellant,*
and
OREGON RENTAL ASSOCIATION et al, *Intervenor,*
*v.*
MULTNOMAH COUNTY et al, *Respondents.*
(No. A7607-09640, CA 8925)
584 P2d 767

John Spencer Stewart, Portland, argued the cause for appellant. With him on the appellant's brief were F. Gordon Allen and Kobin & Meyer, Portland. With him on the reply brief was F. Gordon Allen, Portland.

Martin B. Vidgoff, Deputy County Counsel, Portland, argued the cause for respondent. With him on the brief were John B. Leahy, County Counsel for Multnomah County, and John D. Hoffman III, Deputy County Counsel for Multnomah County, Portland.

No appearance for intervenors.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Plaintiff Budget Rent-A-Car appeals from a judgment of the trial court upholding the validity of Multnomah County Ordinance No. 122 imposing a tax on the rental of motor vehicles.

In 1976, Multnomah County enacted Ordinance No. 122 which reads in pertinent part:

"Multnomah County ordains as follows:

"Section 1. *Definitions.*

"As used in this ordinance, unless otherwise provided or unless the context otherwise requires, the following words shall have the following meanings:

"* * * * *

"C. 'Commercial establishment' means any person or other entity, any part of whose business consists of providing the use of motor vehicles for a rental fee.

"D. 'Rental' or 'renting' means obtaining in Multnomah County the use of a motor vehicle from a commercial establishment in Multnomah County for a rental fee * * *.

"Section 2. *Imposition of Tax.*

"A. A tax is hereby imposed on every person renting a motor vehicle from a commercial establishment in Multnomah County if the rental is for a period of thirty (30) days or less. * * *

"B. The rate of the tax imposed by subsection A of this section shall be equal to ten percent (10%) of the gross rental fee charged by the commercial establishment for the rental.

"* * * * *

"Section 3. *Collection of Tax.*

"A. The tax imposed by section 2 of this ordinance shall be collected by the commercial establishment at the time it collects a rental fee.

"* * * * *

"Section 4. *Use of Tax by County.*

"The taxes collected under this ordinance shall be general fund revenue of the county, except that the portion of taxes attributable to gasoline sales shall be

[ 349 ]

subject to the limitations on use prescribed by the Constitution and laws of Oregon.

"* * * * *."

Plaintiffs, consisting of several motor vehicle rental companies and an association of such companies, filed the present action for declaratory and injunctive relief alleging, *inter alia,* that the ordinance violated Article IX, section 3, of the Oregon Constitution which provides in pertinent part:

"* * * The proceeds from any tax levied on * * * [the] use, sale, distribution * * * of motor vehicle fuel * * * and the proceeds from any tax or excise levied on the *ownership, operation or use* of motor vehicles shall * * * be used exclusively for the construction, reconstruction, improvement, repair * * * of public highways * * * within the state of Oregon * * *." (Emphasis supplied.)

Plaintiffs contended at trial that the ordinance in question imposed a tax on the use of a motor vehicle and therefore monies collected under its terms could not be allocated to the county general fund, but had to be used exclusively for public highway building and maintenance purposes. The defendant county contended that Article IX, section 3, of the Constitution was not applicable to the tax because it imposed a tax solely on the privilege of engaging in the rental transaction and not on the use of a motor vehicle. The trial court found in favor of the county and issued an order upholding the validity of the ordinance. Budget Rent-A-Car is the only plaintiff which appeals from the judgment of the trial court.

The county contends that we need not reach the merits of plaintiff's appeal because plaintiff has no standing to maintain this appeal.[1] Generally, any plaintiff who desires to obtain declaratory relief must

---

[1] Plaintiff argues in its brief that the respondent county may not now raise the issue of standing without filing a cross-appeal from the trial court's judgment. The Supreme Court held to the contrary in *Artman v.*

have standing to do so and therefore must allege and "have shown an injury to a substantial interest." *Ore. Newspaper Pub. v. Peterson,* 244 Or 116, 121, 415 P2d 21 (1966). *See Eacret et ux v. Holmes,* 215 Or 121, 124, 333 P2d 741 (1958); *Oregon Cry. Mfgs. Ass'n v. White,* 159 Or 99, 107-08, 78 P2d 572 (1938). In other words, declaratory relief will not be granted where a plaintiff "can point to no existing state of facts * * * which threatens [his] legal rights." *Cummings Constr. v. School Dist. No. 9,* 242 Or 106, 110, 408 P2d 80 (1965).

■ The plaintiff herein has neither alleged nor proven that it has standing to appeal. Plaintiff's complaint, unlike the remainder of the complaints filed by the other plaintiffs with the trial court, makes no allegation that it has been injured in any way by the ordinance in question.[2] Likewise, plaintiff presented no evidence at trial which would demonstrate that it had suffered such injury. The sole testimony of a director of plaintiff's corporation in that regard was:

"Q. Now, what, if any, impact have you perceived in your business as a result of this Multnomah County tax on your business as it relates to the charges that you make for your automobiles and trucks and so forth?

---

*Ray,* 263 Or 529, 501 P2d 63, 502 P2d 1376 (1972), when it stated:

"We are now of the opinion that a cross-appeal is unnecessary and illogical unless the respondent is contending that the judgment is in error, which is not the situation with which we are concerned. When the respondent is seeking to sustain the judgment he should not be required to cross-appeal from the judgment in order to preserve for appellate court's consideration alleged error by the trial court * * *." 263 Or at 533.

*See Taylor et ux v. Grant et al; Thornton et al,* 220 Or 114, 121, 349 P2d 282 (1960); *Reid et al v. Reid,* 219 Or 500, 509-12, 348 P2d 29 (1959). Thus, the standing issue raised by the county is properly before us at this time.

[2]For example, plaintiff-intervenor Oregon Rental Association alleged in its complaint in pertinent part:

"VI.

"Association's members have suffered, and will continue to suffer as long as Ordinance No. 122 is in effect, a substantial loss of motor vehicle rental income as a direct result of the enactment and enforcement of Ordinance No. 122 by defendants."

"A. Well, an additional ten-percent tax on top of what we are already paying is quite large and it has resulted in some complaints by customers and it is adding the ten percent plus the ten percent we are already paying as a concession fee to the Port, which makes a substantial expense, increased expense, in operation, in additional to rentals, of course, that we pay there."

Other than demonstrating that the 10 percent tax imposed made its rentals more expensive to its retail customers, this evidence indicates plaintiff's only injury was that it received some customer complaints about the tax. The record nowhere indicates that plaintiff suffered any other injury as a result of the tax imposed by the ordinance.

Plaintiff further argues that it has standing to appeal because it will be subject to criminal punishment if it refuses to collect from its customers what it regards to be an unconstitutional tax. While plaintiff may be theoretically correct, neither its complaint nor the evidence it introduced at trial indicates that there exists any threat of criminal proeecution for its failure to collect a tax. Although the threatened prosecution requirement for declaratory relief has never been directly dealt with by Oregon appellate courts, and is more usually discussed in terms of the ripeness of a case for adjudication rather than the standing of a particular plaintiff, "the characteristic feature of declaratory relief in the criminal law is that threatened prosecution ripens the cause of action." *Note, Declaratory Relief in the Criminal Law,* 80 Harv L Rev 1490, 1507 (1967). *See also* E. Borchard, Declaratory Judgments 1022 (2d ed 1941).

In view of the foregoing, we find that plaintiff failed either to allege or to prove facts sufficient to demonstrate that it has or will suffer substantial injury as a result of the ordinance and therefore hold that plaintiff had no standing to maintain this appeal.

Appeal dismissed.