Argued April 17, reversed and remanded
for a new trial May 21, 1979

RICH, *Respondent,*
*v.*
RUNYON et al, *Appellants.*
(No. A7702 01752, CA 11121)
595 P2d 504

Marvin S. Nepom, Portland, argued the cause and
filed the briefs for appellants.

Richard G. Helzer, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Joseph, Judges.

JOSEPH, J.

**JOSEPH, J.**

In this conversion action defendants appeal from a judgment for plaintiff on a jury verdict for $4,000 general and $10,000 punitive damages based on defendants' alleged wrongful sale of two bulk commodity trailers. Plaintiff, who had obtained the trailers under a consignment agreement with the titleholder, left the trailers without permission in a parking area belonging to a third party. Defendants towed the trailers at the lot owner's request and stored them for several months. Shortly after the towing, plaintiff learned the whereabouts of the trailers. Over the next few months he spoke with defendants two or more times, but he did not attempt to pay towing and storage charges in order to recover the trailers. Defendants notified plaintiff and the titleholder of the trailers of a proposed sale to satisfy a lien for the towing and storage charges, using a form furnished by the Department of Motor Vehicles for that purpose. The foreclosure and sale were in compliance with the statutory provisions governing possessory liens, former ORS 87.080 *et seq.,*[1] but did not meet the requirements of former ORS 87.500 *et seq.,* governing warehousemen's liens.

The trial court instructed the jury that the warehousemen's lien law applied, that the sale of the trailers was in violation of that law—but in what particular or particulars the court did not specify—that the sale constituted a conversion and that the measure of general damages was the full value of the trailers at the time of the conversion. Defendants assert that the court erred in giving those instructions. We agree.

---

[1] Former ORS 87.080 provided in material part:

"(1) Any person who makes, alters, repairs or bestows labor on any article of personal property at the request of the owner or lawful possessor thereof, shall have a lien on the article for his just and reasonable charges for the labor he has performed and material he has furnished, and he may retain possession of the article until such charges are paid."

■ ORS 87.500, in effect at the relevant time, provided:

> "Any person who is a common carrier or who *at the request of the owner or lawful possessor of any personal property,* transports the same from one place to another, and any person who stores any *** personal property *at the request of the owner or lawful possessor thereof,* shall have a lien upon such property for his just and reasonable charges for such transportation and storage and he may retain possession of the property until such charges are paid." (Emphasis supplied.)

There was no attempt to show that defendants were common carriers and no evidence that plaintiff or the titleholder requested defendants to tow the trailers. And, even though there was evidence regarding contacts between plaintiff and defendants from which a jury might have found a request by plaintiff that defendants continue to store the trailers, there was no basis for the court's instruction that the warehousemen's lien statutes applied as a matter of law.

■ Moreover, even if the warehousemen's law did apply to the storage part of the charges, the fact that the foreclosure and sale were not in strict compliance in some particulars with that law would not entitle plaintiff to a directed verdict for the full value of the trailers. *See Mustola v. Toddy,* 253 Or 658, 456 P2d 1004 (1969); *Remington v. Landolt,* 273 Or 297, 541 P2d 472 (1975); *Artman v. Ray,* 263 Or 529, 501 P2d 63, 502 P2d 1376 (1972); *Richmond v. Fields Chevrolet Co.,* 261 Or 186, 493 P2d 154 (1972).[2]

Reversed and remanded for a new trial.

---

[2] Because of our ruling on the instructions, we need not reach defendants' other assignments of error.