Argued and submitted July 6, affirmed August 24, 1988

MARTIN et al,
*Appellants,*

*v.*

KENWORTHY et al,
*Respondents.*

(85-0973; CA A43624)

759 P2d 335

L. E. Ashcroft, Salem, argued the cause for appellants. With him on the briefs was Rhoten, Rhoten, Speerstra, Rinehart & Ashcroft, Salem.

Thomas C. Tankersley, McMinnville, argued the cause and filed the brief for respondent Anita E. Kenworthy.

No appearance for respondents Brian Hayword and Melinda Hayword.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

PER CURIAM

## PER CURIAM

Plaintiffs are children of the decedent. Anita E. Kenworthy (defendant) is the decedent's surviving spouse and the personal representative of the decedent's estate. The Haywords are other children of the decedent. Plaintiffs and the Haywords were expressly disinherited in the decedent's will, under which defendant is the sole beneficiary. The complaint purports to combine an action on a rejected claim against the estate and an action for a declaratory judgment that defendant, as personal representative, holds the estate's assets in trust for intestate distribution. Plaintiffs assert that the will was revoked by the decedent's marriage to defendant. ORS 112.305.[1] The trial court gave defendants a judgment.

This action was filed after the expiration of the statutory four-month limitation for a will contest. ORS 113.075.[2] Defendant asserted the limitation in an ORCP 21A motion and raises the denial of that motion as an alternative ground on which to uphold the judgment. *Artman v. Ray,* 263 Or 529, 501 P2d 63, 502 P2d 1376 (1972). The trial court should have granted the motion. There is no authority, statutory or otherwise, that allows avoidance of the will contest limitation by designating an action as one on a claim or for a declaratory judgment based on purported invalidity of a will. Therefore, we need not reach the issues presented by plaintiffs, because the judgment is correct.

Affirmed.

---

[1] "A will is revoked by the subsequent marriage of the testator if the testator is survived by a spouse, unless:

"(1) The will evidences an intent that it not be revoked by the subsequent marriage or was drafted under circumstances establishing that it was in contemplation of the marriage; or

"(2) The testator and spouse entered into a written contract before the marriage that either makes provision for the spouse or provides that the spouse is to have no rights in the estate of the testator."

[2] "When a will has been admitted to probate, any interested person may, at any time within four months after the date of the filing of the affidavit under ORS 113.145 or four months after the first publication of notice to interested persons, whichever is later, contest the probate of the will or the validity of the will."