Submitted on briefs August 31, 1988, affirmed March 8, reconsideration denied April 28, petition for review denied May 31, 1989 (308 Or 79)

# JORDAN,
*Appellant,*

*v.*

# WILHELM et al,
*Respondents.*

(86C-10070; CA A43024)

770 P2d 74

Lawrence Wm. Jordan, Salem, filed the briefs *pro se* for appellant.

I. Franklin Hunsaker, Christopher A. Rycewicz, and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, filed the brief for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiff appeals a judgment for defendants on his claim for $40,000 general damages and $60,000 punitive damages for conversion of chattels and on defendants' counterclaims for one month's rent and the costs of moving and storing some of the chattels.[1] The case was tried without a jury. We affirm.

From the evidence, the court could have found these facts. Plaintiff rented office space from defendants under a month-to-month tenancy. He agreed to pay the rent of $575 for each month, in advance, on the first of the month. On December 29, 1985, he gave defendants notice of termination of his tenancy effective January 31, 1986. He did not pay his January, 1986, rent. Defendants knew that he was having financial difficulties and was in the process of being disbarred from practicing law in Oregon. Several times in early January, they tried, without success, to contact plaintiff to discuss the rent.

On January 15, 1986, defendants left a written notice in plaintiff's office, stating:

> "You are hereby advised that you are delinquent in your rent * * * and if not paid by 5:00 p.m. this date, further action may be commenced which may include locking the premises and any other actions to which the landlord may be entitled."

Later that day, plaintiff called defendant Wilhelm and informed him that he did not have the rent money. Defendants offered to take a promissory note with collateral in lieu of rent, but plaintiff refused that offer. On January 16, less than 20 days after the rent was due, defendants locked the office doors and posted a notice on the outside of the door. It stated:

> "This is to advise that due to your nonpayment of rent pursuant to your month to month tenancy, the landlord has taken possession of the premises and has claimed a possessory

---

[1] Plaintiff based his claim solely on a theory of conversion and did not sue for trespass to chattels.

lien on the personal property located on the premises pursuant to ORS 87.162.[2]

"If you wish to obtain your property or to enter the premises you may do so by paying the past due rent."

Plaintiff filed this action the next day.

In the next ten days, defendant tried to contact plaintiff several times without success. Plaintiff did not contact defendants until January 27, 1986. Between January 28 and January 31, with defendants' permission, he removed pictures, mementos, plants and client and financial files from the office. Although plaintiff testified that lack of access to his office and its contents interfered with his law practice, the court could have found that there was no evidence in the record of any material interference with that practice.

Defendants then removed plaintiff's remaining chattels, including office furniture, equipment and law books, to an empty office in the building. On February 24, defendants wrote to plaintiff and offered, in exchange for a settlement of the action, to return all of his chattels to him and to forgive the past due rent. He rejected that offer. On May 7, 1986, defendants offered to release plaintiff's chattels to him. Plaintiff, however, reasserted his claim that defendants had converted his property and that he would require them to pay for it. Defendants then moved the chattels to commercial storage and paid $462.46 for storage for the period from May 9 to December 6, 1986.

On the conversion claim, the trial court stated:

"The court has now reviewed the evidence and applicable law.

"These facts do not rise to the level of conversion as defined in Oregon law in *Mustola v. Toddy,* 253 Or 658, 456 P2d 1004 (1969)."

Plaintiff assigns as error that the court found that defendants

---

[2] ORS 87.166(2) provides:

"The lien created by ORS 87.162 attaches to the chattels described in that section on the 20th day after rents or advances occur or attaches when the occupant or tenant attempts to remove the chattels from the premises while there are unpaid rents or advances. A person claiming a lien under ORS 87.162 may take the chattels subject to that lien into the possession of the person when the lien attaches or at any time thereafter."

did not convert plaintiff's chattels. He argues that defendants' violation of the lien law, taking possession of his chattels before the 20th day after the January rent was due, required the court to find that defendants converted his chattels. We disagree. In *Mustola,* the court accepted the definition of conversion in *Restatement (Second) of Torts,* § 222A:

"(1)   Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.

"(2)   In determining the seriousness of the interference and the justice of requiring the actor to pay the full value, the following factors are important:

"(a)   the extent and duration of the actor's exercise of dominion or control;

"(b)   the actor's intent to assert a right in fact inconsistent with the other's right of control;

"(c)   the actor's good faith;

"(d)   the extent and duration of the resulting interference with the other's right of control;

"(e)   the harm done to the chattel;

"(f)   the inconvenience and expense caused to the other."

The court also stated that the Restatement factors are not exclusive and that a court could consider other factors in deciding whether there was a conversion. 253 Or at 666.

Although defendants did not comply with the 20-day requirement of ORS 87.166(2) when they took possession of plaintiff's chattels, that fact does not alone determine whether they converted them. The issue is whether defendants' actions so seriously interfered with plaintiff's rights as to require them to pay the full value of his chattels. From the evidence, the court could have found that defendants asserted the lien in good faith and believed that they were acting within their "legal rights"; that plaintiff recovered some of his chattels, including all of his client and financial files, by the end of January and could have recovered all of his chattels immediately by paying the $575 rent that was due for January; and that defendants did not harm plaintiff's chattels or damage his law practice in any material way. There is sufficient evidence to support the court's ruling that defendants acts did

not "rise to the level of conversion." *See Rich v. Runyon,* 40 Or App 377, 380, 595 P2d 504 (1979).[3]

Plaintiff also assigns as error that the court awarded defendants costs of storage incurred more than six months after January 16, 1986.[4] He argues that ORS 87.176 bars the award of storage costs incurred more than six months from the date that defendants attempted to attach the lien to the chattels.[5] Plaintiff failed to raise his objection in the trial court. Accordingly, if the trial court erred, plaintiff failed to preserve that error.[6]

Affirmed.

---

[3] In *Rich v. Runyon, supra,* the defendants towed away from a parking area and stored two trailers of the plaintiff at the request of the parking area owner. Later, the defendants sold the trailers to satisfy a lien for towing and storage charges. They failed, however, to show that they had complied with certain requirements of the Warehouseman's Lien Law. *Former* ORS 87.500 *et seq.* The trial court instructed the jury that the sale of the trailers violated the Warehouseman's Lien Law and constituted a conversion and that the measure of general damages was the value of the trailers at the time of the conversion. We held that the court erred when it instructed the jury that the lien law applied as a matter of law. We also stated:

"Moreover, even if the warehouseman's law did apply to the storage part of the charges, the fact that the foreclosure and sale were not in strict compliance in some particulars with that law would not entitle plaintiff to a directed verdict for the full value of the trailers. *See Mustola v. Toddy* * * *." 40 Or App at 380.

[4] Plaintiff makes no assignment of error respecting defendants' $575 judgment on its counterclaim for rent.

[5] ORS 87.176 provides:

"Except as the lien claimant and the lien debtor provide otherwise, when the lien claimed under ORS 87.152 to 87.162 is for other than storage of a chattel, if the lien claimant incurs expenses in storing the chattel prior to foreclosure, the lien claimant may charge the lien debtor reasonable fees for the storage of the chattel for a period not exceeding six months from the date that the lien attaches to the chattel."

[6] Because defendants are not liable for conversion, we need not discuss plaintiff's assignment of error respecting damages for conversion.