JAMES P. HAMILTON & another *vs.* MICHAEL J.
McLAUGHLIN.

Suffolk.  March 8. — July 1, 1887.  FIELD, C. ALLEN, & GARDNER, JJ.,
absent.

If the keeper of a livery stable, who, upon learning that a horse in his stable
belongs to another person, notifies the owner that the horse is there, and states
the amount due for its board, refuses, upon the demand of the owner a few
weeks later, to deliver the horse to him unless the whole bill for its board is
paid, he waives whatever lien he may have for the board of the horse after the
notice to the owner.

In an action for the conversion of personal property, a mortgage of the property
to the plaintiff, purporting to be executed in the name of a corporation by its
president and under its corporate seal, is sufficient *prima facie* evidence of the
incorporation, and of the authority of the president to execute the mortgage.

TORT, for the conversion of a horse. Writ dated August 30,
1884. Answer, a general denial, and a claim of a lien upon the
horse for its board and keeping.

At the trial in the Superior Court, before *Knowlton, J.*, the
plaintiffs put in evidence a mortgage to them, purporting to be
executed by "the Worcester Herdic Phaeton Company, a cor-
poration duly established by law," and to be signed, in the name

of the company by its president, and sealed with the corporate seal of the company. This mortgage was dated April 15, 1882, and covered one hundred horses and other personal property. It was admitted that the condition of the mortgage was broken.

There was also evidence that the horse in question had been placed in the defendant's livery stable by a man who had hired it from a person who represented the Worcester Herdic Phaeton Company; that the defendant wrote to an agent of the company stating that he had the horse, and naming the amount due for board; and that two or three weeks after that the agent called and demanded the horse, and the defendant refused to give it up, unless the entire bill for board, about $40, was paid.

The plaintiffs contended that the horse was taken to the defendant's stable without the knowledge or consent of the plaintiffs, and that therefore no lien would run against them. Upon this branch of the case, the judge instructed the jury that, if the horse was taken to the defendant's stable with the express or implied consent of the plaintiffs, they could not recover; and instructed them what would constitute implied consent, in terms not excepted to.

The defendant contended that, even though there was no lien prior to the notice to the plaintiffs' agent, there would be a lien for the term subsequent to the notice; and requested the following instructions: " 1. It is incumbent upon the plaintiffs to prove that the mortgage was, at the time of the bringing of this suit or the refusal to deliver the horse, a valid existing mortgage; and incident thereto it is their duty to prove that the Worcester Herdic Phaeton Company was a corporation duly established by law, and that the person signing the name of said company to this mortgage had authority by vote of that corporation so to do. A failure of such proof is fatal to the plaintiffs' case. 2. If the jury find that the duly authorized agent of the plaintiffs was notified by the defendant that their horse was at his stable, and they saw fit to permit the horse to remain with the defendant for one or two weeks after such notice, the law implies a promise to pay for the keep of the horse for that period at least, and would entitle the defendant to a lien for that period against the plaintiffs. 3. If, at the time of the demand upon the defendant by the plaintiffs for the horse, there was any

sum due for board after notice to them that their horse was in his possession, he has a lien on the horse, and was entitled to hold the horse until his claim was satisfied."

The judge gave the first ruling requested, but added: "I also instruct you that the introduction of the mortgage in evidence is sufficient to allow you to find those facts. The signature and seal appear to be regular and proper, and are sufficient *prima facie* evidence to establish their claim unless attacked." The judge declined to give the other instructions requested, and gave no equivalent instructions.

The jury returned a verdict for the plaintiffs; and the defendant alleged exceptions.

*P. A. Collins & J. H. Burke*, (*G. A. Griffin* with them,) for the defendant.

*W. B. Orcutt*, for the plaintiffs.

W. ALLEN, J. The only lien which the defendant claims is for keeping the horse after notice to the plaintiffs, and a request to take it away. Whether the evidence was sufficient to prove that he had such a lien, and whether the instructions asked in regard to it were sound, we do not find it necessary to consider. It is immaterial that the defendant had a lien, if he waived it at the time of the demand. A claim to hold the possession of the property, and a refusal to deliver it on demand under and in assertion of a right other than that given by the lien, would be evidence of a conversion. There is no dispute about the facts. When the defendant notified the plaintiffs that the horse was at livery with him, he stated the amount of board due. When the demand was made by the plaintiffs' agent a few weeks later, the defendant refused to deliver the horse unless the whole bill for its board, amounting to about $40, was paid. He made no distinction between what occurred before and what occurred after the notice to the plaintiffs, but demanded the whole in one sum and as one debt. Had he claimed distinct liens for distinct debts, for what occurred before and what occurred after the notice to the plaintiffs, it may be that he would not thereby have waived a valid lien for one of the debts only, without the refusal of a tender of that alone; but the demand for the whole as one debt, and the refusal to deliver the property unless the whole was paid, was a refusal to deliver the

property upon the payment of the amount which had accrued after the notice, or to accept a tender of that, and rendered a tender of it unnecessary. *Jones* v. *Tarleton*, 9 M. & W. 675. *The Norway*, Br. & Lush. 404. *Kerford* v. *Mondel*, 5 H. & N. 931. *Dirks* v. *Richards*, 4 Man. & Gr. 574. *Scarfe* v. *Morgan*, 4 M. & W. 270.

The evidence of the plaintiffs' title was sufficient, and there was no error in the instructions in regard to it.

*Exceptions overruled.*