*43 Vroom.*         Stephenson v. Lichtenstein.

On *certiorari.*

Before Justices DIXON and SWAYZE.

For the prosecutor, *Collins & Corbin.*

For the defendant, *Vivian M. Lewis.*

---

ANNIE M. STEPHENSON AND FREDERICK STEPHENSON
v. JACOB LICHTENSTEIN AND CASPER TURNER.

Submitted December 4, 1904—Decided February 27, 1905.

1. A person having a lien on goods for a sum fixed by contract, who demands for his services a sum in excess of the contract price, thereby waives the necessity of a tender of the correct amount and loses his lien.

2. In an action of replevin, a warehouseman who, by demanding for storage more than is due him, has lost his lien, if he has failed to obtain from his bailor a statement in writing under the supplement to the Replevin act (*Pamph. L.* 1893, *p.* 451; *Gen. Stat., p.* 2778), is liable for costs in case he appears and defends the replevin suit.

On appeal from the First District Court of Newark.

Before Justices DIXON and SWAYZE.

For the defendants, *Henry Hahn.*

For the plaintiffs, *Malhew J. Ready.*

The opinion of the court was delivered by

SWAYZE, J.   This is an action of replevin.   The defendant Turner, on June 1st, 1904, was employed to cart the goods from one place to another, in Newark, for an agreed price of $5.50.   After one load had been delivered a dispute arose as to the amount of Turner's charge, and he refused to deliver the second load unless $7 was paid.   Upon the plaintiffs' refusal to pay this amount, Turner took the goods to the storage warehouse of Lichtenstein, who paid him the $7 and issued a warehouse receipt.   On July 27th the plaintiffs tendered Lichtenstein $2.50, his charge for storage for one month;   Lichtenstein refused to accept this amount, and claimed $5 for storage for June and July, besides the $7 which he had paid to Turner.

The District Court gave judgment for the plaintiffs and the defendants appealed.

Turner's refusal to deliver the goods can only be justified in case he had a right to a lien for his charges.   We do not think it necessary to express any opinion on this question.   If we assume that he had such a lien, he would have lost it by a tender and refusal of the $5.50 agreed upon.   The failure to make the tender would justify him in retaining the goods unless by his own conduct he had waived the right to a tender. We think his demand of a price in excess of the contract price amounted to a waiver.   *Jones* v. *Tarleton,* 9 *Mees. & W.* 675; *Dirks* v. *Richards,* 4 *Man. & G.* 574.

In *Scarfe* v. *Morgan,* 4 *Mees. & W.* 270, Baron Parke held that a claim of a specific lien was not waived by claiming, in addition thereto, a lien for a general balance of account;

for the reason that the very claim of the specific lien negatived the existence of an intent to waive it, but he recognized that the claimant might so conduct himself as to waive the lien or dispense with the tender of the amount due.    And so Scarfe *v.* Morgan was explained by Baron Bramwell, in *Kerford* v. *Mondel, 5 Hurlst. & N.* 931.    He says:  "Now, the effect of Baron Parke's judgment is this: that if a man has two claims for goods, or claims a lien for two different causes on goods, as to one claim rightful and as to the other wrongful, and he does not in any way indicate that he dispenses with a tender, it seems really that in that case a simple refusal to deliver them up would not suffice.    But the rest of that judgment is clear to show that if he goes on and so conducts himself as to indicate that the tender of the one amount had been nugatory, he dispenses with the tender."

To the same effect are *Hamilton* v. *McLaughlin,* 145 *Mass.* 20;  12 *N. E. Rep.* 424;  *Bowden* v. *Dugan,* 91 *Me.* 141;  39 *Atl. Rep.* 467.

In the present case the facts satisfy us that a tender of the contract price to Turner would have been nugatory, and that Turner, by demanding more than the contract price, waived a tender.

Lichtenstein, on July 27th, was not entitled to be paid for two months' storage; the second month had not yet elapsed, and his demand of $5, in addition to the $7 paid by him to Turner, was a waiver of any lien he may have had.

The plaintiffs, therefore, were entitled to judgment.    The damages awarded were merely nominal, but Lichtenstein complains because judgment was rendered against him for costs. He was, however, not within the terms of the act relating to warehousemen (*Gen. Stat., p.* 3746), for section 8 expressly excepts the case of property removed by operation of law, an expression which clearly includes removal by a writ of replevin.    He is not protected by the supplement to the Replevin act, for that applies only to a warehouseman who at the time goods are placed on storage with him obtains from the party placing them on storage a statement in writing

that the goods are the sole and absolute property of the bailor. He is not within the provisions of section 28 of the Replevin act (*Gen. Stat., p.* 2776), for he has appeared and made defence.

The judgment should be affirmed.