MARGARET E. DOODY *vs.* JOSEPH P. COLLINS.

Suffolk.   January 14, 1916. — March 4, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Lien,* For storage and care of motor vehicle.   *Garage.   Automobile.   Replevin.
Estoppel.*

If one, in whose name the owner of an automobile had permitted the automobile
to be registered, without the owner's knowledge or consent leaves the automobile
in a public garage, and thereafter, learning these facts, the owner writes to the
proprietor of the garage a letter notifying him to "hold the car subject to" the
owner's "disposal," stating, "The storage etc.," the person who left the car
there "contracted and will have to pay," and directing that "under no condi-
tions should" that person be allowed to take the car from the garage excepting
under instructions in . writing from the owner, thereafter, under St. 1913,
c. 300, § 1, the proprietor of the garage has a lien on the automobile for proper
charges for storage and care.

And therefore the owner is not entitled to take the automobile from the garage
by virtue of a writ of replevin which he sued out without paying or tendering to
the proprietor of the garage his proper charges, if the proprietor did nothing to
estop him from contending either that he had a lien or that the owner had made
no sufficient tender.

And the mere fact, that the proprietor of the garage "at the time of replevin"
claims and demands payment of a storage charge for a period of time during
which he was not entitled to be paid therefor by the owner, does not estop him
from contending that at the time of the issuance of the replevin writ the owner
had no right to immediate possession because the proprietor of the garage
had a lien for proper charges, and that the owner had made no proper tender.

REPLEVIN of an automobile.   Writ in the Municipal Court of
the City of Boston dated April 24, 1915.

In the Municipal Court the presiding judge found for the plain-
tiff, and, at the request of the defendant, reported the case to the
Appellate Division.   His report stated the following facts among
others:

The automobile in question was owned by the plaintiff, but,
with the consent of the plaintiff, was registered in the name of
one Sewell.   On or about October 4, 1914, Sewell with the plain-
tiff's permission took the automobile on a personal errand to
Canton.   Late in the day he rode into the defendant's garage in
Boston and stated that he was the owner of the automobile and
that he desired to store it.   After the defendant had stated his

terms for storage, Sewell said that he would leave it "a few days." He did not give the defendant any information as to the true facts regarding the ownership of the automobile and never communicated with the defendant thereafter.

The plaintiff asked Sewell about the automobile frequently but did not learn of its whereabouts until in February, 1915.

The plaintiff for the first time communicated with the defendant on February 24, 1915, when, with her approval, a letter was written to the defendant stating that the automobile was hers and was "registered in the name of John M. Sewell simply because it would have been an inconvenience for" her "to register it in her own name." The letter continued: "We wish to notify you to hold the car subject to our disposal. The storage etc., Mr. Sewell contracted and will have to pay. Under no conditions should Mr. Sewell be allowed to take the car from your garage unless you receive written instructions from us."

The report continued as follows:

"Nothing further was done by either party until the time of replevying.

"At the time of replevin the defendant claimed and demanded payment of a storage lien up to May 4, 1915, which would be the end of an even seven months from October 4, 1914, of $105. This report contains all the evidence material to the questions reported."

The judge also found, "that the plaintiff's conduct as to Sewell's use and control of the automobile was not known to the defendant."

Other material facts are stated in the opinion. The Appellate Division ordered judgment for the defendant; and the plaintiff appealed.

*F. R. Mullin,* (*P. F. Spain* with him,) for the plaintiff.

*E. P. Benjamin,* for the defendant, submitted a brief.

PIERCE, J. The defendant, in possession of an automobile to which the plaintiff had the right to immediate possession on February 24, 1915, received a letter from the plaintiff the material part of which read, "We wish to notify you to hold the car subject to our disposal. The storage etc., Mr. Sewell contracted and will have to pay. Under no conditions should Mr. Sewell be allowed to take the car from your garage unless you receive written

instructions from us." Thereafter, by virtue of St. 1913, c. 300, § 1, the defendant had a lien on the automobile for proper charges for storage and care. On April 24, 1915, without demand for possession, without recognition of the defendant's right to assert any lien, and before tender of any sum in payment of defendant's probable charges for the storage and care of the automobile, the plaintiff sued out his writ of replevin.

The report of the judge of the Municipal Court states, "At the time of replevin, the defendant claimed and demanded payment of a storage lien up to May 4, 1915, which would be the end of an even seven months from October 4, 1914, of $105."

The defendant requested the judge to rule, "Upon all the evidence the defendant is entitled to a finding."

As the defendant had a lien under the statute for the period between February 24, 1915, and April 24, 1915, the plaintiff was not entitled to possession of the automobile as against the defendant's claim of lien, without proof of prior payment of the proper charges, of tender of payment thereof to the defendant and of his refusal to receive the same, or such other conduct on the part of the defendant as estopped him to contend either that he had a lien or that the plaintiff had made no sufficient tender. *Gilmore* v. *Holt,* 4 Pick. 258. *Williams* v. *Patrick,* 177 Mass. 160.

The right to maintain replevin of a chattel is predicated upon the plaintiff's general or special title and upon his right to immediate possession as against the defendant in the replevin writ at the time of the issuance of the writ. *Johnson* v. *Neale,* 6 Allen, 227. *Fowler* v. *Parsons,* 143 Mass. 401. *Field* v. *Fletcher,* 191 Mass. 494.

Therefore, we need not discuss whether the demand of the defendant, made at "the time of replevin," for a sum in excess of his legal claim, amounted to a conversion or whether a tender must have been made. Compare *Hamilton* v. *McLoughlin,* 145 Mass. 20; *Folsom* v. *Barrett,* 180 Mass. 439.

*Judgment for the defendant affirmed.*