ISRAEL POKROSS *vs.* LOUIS CHAMPAGNE.

Bristol.   October 28, 1918. — November 27, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Replevin.     Tender.     Mortgage,* Of personal property: redemption.

In an action of replevin against the mortgagee of a chattel which the plaintiff
has the right to redeem upon a proper payment or tender, it *seems* that a ten-
der made at the time that the chattel is taken upon the replevin writ comes
too late, as the writ already has been issued, and in the present case, where
there was a previous valid tender, a further tender at the time of the service
of the writ was disregarded by this court.

Where, for the purpose of redeeming a motor car from a mortgage, the mortgagee
attempts to pay, not only the amount of the mortgage debt and interest, but
also the amount of a bill for painting the car which the mortgagor has agreed
to pay, but the mortgagee, in order to prevent the redemption, himself pays
the painter's bill, which he does not owe, before the mortgagor can get a chance
to pay it, this may be found to be a waiver by the mortgagee of the payment
of the painter's bill by the mortgagor, and the tender by the mortgagor of the
principal and interest of the debt entitles him to redemption.

REPLEVIN for a motor car alleged to have been held by the
defendant as mortgagee under a mortgage made by one Mary
Gaboriau and to have been redeemed by the plaintiff as the as-
signee of such mortgagor.   Writ in the Second District Court of
Bristol dated March 14, 1916.

On appeal to the Superior Court the case was tried before
*Morton,* J.   The evidence is described in the opinion.   The judge
submitted to the jury three issues, which with the answers of the
jury were as follows:

"1. Was the transaction of January 15, 1916, between Mr.
Champagne and Mrs. Gaboriau an absolute sale or a mortgage?"
The jury answered, "Mortgage."

"2. If it was a mortgage did the defendant, Mr. Champagne,
waive the tender of the amount of the repair bill?"   The jury
answered, "Yes."

"3. What were the damages, if any, to the defendant by reason
of the replevin and detention of the automobile?"   The jury
answered, "None."

Thereupon the judge ordered a verdict for the plaintiff, assessing damages in the sum of $1; and the defendant alleged exceptions.

R. L. c. 198, § 4, is as follows: "The mortgagor or a person lawfully claiming under him may, after breach of condition, redeem the mortgaged property at any time before it is sold in pursuance of the contract between the parties, or before the right of redemption is foreclosed. The person entitled to redeem shall pay or tender to the mortgagee or to the person claiming under him the amount due on the mortgage, or shall perform or offer performance of the condition, and shall pay all reasonable and lawful charges and expenses incurred in the care and custody of the property or otherwise arising from the mortgage; and if upon such payment or performance, or upon tender thereof, the property is not forthwith restored, the person entitled to redeem may recover it in an action of replevin, or damages for its conversion in any appropriate action."

*A. S. Phillips*, for the defendant.

*D. R. Radovsky*, for the plaintiff.

DE COURCY, J. The defendant, Louis Champagne, lent to one Mary Gaboriau the sum of $300, charging her $50 therefor, and taking as security a mortgage on an automobile. The mortgage was in the form of an ordinary bill of sale of the machine to Champagne, and a separate agreement from him to sell it back to her, provided that within sixty days she should pay the $350, and "also pay to whoever shall repair said automobile the cost of said repairs as is now ordered to be done at Marois' repair shop in Fall River." Later Mary Gaboriau, by an informal instrument, assigned all her rights in the automobile and agreement to the plaintiff Israel Pokross. The automobile was in the possession of the defendant as mortgagee. Before the expiration of the sixty days Pokross undertook to tender to the defendant the money due to him, and on March 14, 1916, brought this writ of replevin. The jury specially found that the defendant had waived a tender of the amount of the repair bill; and the judge ordered a verdict for the plaintiff. The defendant excepted to this direction, and to the judge's refusal to direct a verdict in his favor.

On the main issue, that of tender, the jury could find these to

be the facts: Before the expiration of the sixty days the plaintiff produced and offered to the defendant the $300 loan and $50 interest, but the defendant refused to take it, and demanded $50 more, and also payment for a storage battery and platinum points, which he said he had ordered. The repairs referred to in the agreement consisted of painting, which had been ordered by the mortgagor, and for which the agreed price was $55. Before making the tender of $350 Pokross went to the shop of Marois for the purpose of paying this bill, but the man who had done the work was out. He went there again after tendering the $350 (having told the defendant that he was going to do so) but learned that the defendant had anticipated him, and paid the bill. A further tender of the $350 in cash, and an offer to pay the painting bill, were made by the plaintiff when he went to the defendant's house with the sheriff and the replevin writ.

We disregard this last tender as it was made after the writ was issued. See *Doody* v. *Collins*, 223 Mass. 332, 334; *Martin* v. *Bayley*, 1 Allen, 381. The earlier tender was complete as to the $350. The bill for repairs ordered by the mortgagor, amounting to $55, was payable by the mortgagor or by the plaintiff, her assignee, to the person who did the work. The plaintiff went to the workshop twice for the purpose of paying it. The defendant, who was under no obligation to pay it, did so with the result, and apparently with the design, of making it impossible for the plaintiff to make the payment. The jury well could find that by thus preventing the plaintiff from paying the bill for painting, and demanding $50 more than was due, the defendant waived actual payment, and put the plaintiff in the position of a mortgagor who has tendered payment of the mortgage debt. *Schayer* v. *Commonwealth Loan Co.* 163 Mass. 322.

It seems apparent that the only questions affecting liability on which the parties were at variance in the trial court were (1) whether the transaction between Mrs. Gaboriau and the defendant Champagne was an absolute sale or a mortgage and (2) whether the defendant waived the payment of the repair bill. These issues were submitted to the jury, under instructions to which no exception was taken. When they were answered in favor of the plaintiff, no further question of fact was suggested, or was in dispute. He was "a person lawfully claiming under"

the mortgagor, Mrs. Gaboriau; by tendering performance, he was in the position of one who had performed the condition of the mortgage according to its terms; he became entitled to have the automobile "forthwith restored" to him, and to recover it in an action of replevin. R. L. c. 198, § 4. *Weeks* v. *Baker,* 152 Mass. 20.

*Exceptions overruled.*