SUPERIOR ASPHALT & CONCRETE CO., INC., *Respondent,* v. WILLIAMS EQUIPMENT SALES, INC., *et al., Appellants.*

*Charles C. Flower,* for appellants.

*Warren L. Dewar, Jr.* (of *Velikanje, Moore, Countryman & Shore*), for respondent.

GREEN, J.—The primary issue presented on appeal is whether defendant, Williams Equipment Sales, Inc. (hereinafter referred to as "Williams"), unlawfully retained possession of plaintiff Superior Asphalt & Concrete Co., Inc.'s (hereinafter referred to as "Superior") 1956 Mack truck after repairing it, thus entitling plaintiff to damages for conversion. The trial court found that Williams converted the truck and awarded damages to Superior. Williams appeals.

This issue is presented in the backdrop of the following facts. Superior entered into a contract with Williams to pave Williams' parking lot. Subsequently, Superior requested Williams to repair its Mack truck, which was done at a total cost of $2,492.32. A credit or offset was entered on the books of Williams for that amount against the amount owed Superior on the paving contract. After the offset, Superior owed Williams $465 for parts purchased on open account. Williams informed Superior that the repair cost of $2,492.32 had been offset against the paving contract and that upon payment of the balance owing on the open account the truck would be delivered to Superior. At this point Superior's representative contested the amount of the repair bill and refused to agree to or acknowledge the offset or pay the open account. Williams retained possession of the truck.

Thereafter, Superior brought an action against Williams to foreclose its materialman's lien for the amount owing on

the paving contract and to recover damages for the wrongful retention of the truck. In support of the second cause, Superior alleged Williams agreed to repair the truck for $500. Williams counterclaimed seeking damages for Superior's breach of the paving contract and to foreclose its possessory repair lien on Superior's truck. The trial court awarded judgment to Superior for the full amount of the paving contract less amounts awarded to Williams for Superior's breach of the paving contract, the open account balance and the full amount of the repair bill. Judgment was also entered in favor of Superior against Williams for damages resulting from the wrongful retention of the truck. Williams appeals from this latter portion of the judgment.

Error is assigned to the trial court's conclusion that:

> After crediting its books in the amount of the Mack truck repairs and parts defendant wrongfully and unlawfully asserted a possessory lien by retaining possession of the 1956 Mack truck, and a conversion thereof resulting in damages to plaintiffs in the amount of $3,224. Plaintiff should have judgment against defendant for $3,224.

Williams takes the position that its possessory lien on the truck was not terminated by its unilateral book credit because Superior refused to accept or acknowledge it; and that the demand for the payment of the $465 open account did not destroy the possessory lien. With this position, we agree.

It is not disputed that Williams was initially entitled to a possessory lien for the repair of the truck. Superior contends that Williams' action in refusing to deliver the truck without payment of a debt which was unconnected with Williams' possessory lien constituted conversion of the truck. In support of this position, authorities are cited[1] for

---

[1]*Hamilton v. McLaughlin,* 145 Mass. 20, 12 N.E. 424 (1887); *Hearn v. Bitterman,* 27 S.W. 159 (Tex. 1894); *Bowden v. Dugan,* 91 Me. 141, 39 A. 467 (1898); *Robinson v. Brooks,* 31 Wash. 60, 71 P. 721 (1903); *Stephenson v. Lichtenstein,* 72 N.J.L. 113, 59 A. 1033 (1905); *Texas Bank & Trust Co. v. Kelly,* 202 S.W. 357 (Tex. 1918); *Radley v. Raymond,* 34 Wn.2d 475, 209 P.2d 305 (1949); *Wilson v. Wilson,* 53

the proposition that a demand made by a lien claimant in excess of the amount for which he rightfully has a lien will render the claimant liable for conversion. Additionally, it is argued that Williams' unilateral offset against the paving contract terminated the lien.

In considering these questions, the following finding by the trial court, to which no error is assigned, becomes pertinent:

> At that time and to the date of trial, Plaintiff disputed, rejected, refused to acknowledge, accept or agree to Defendant's book credit of the 1956 Mack truck repairs and parts to offset and reduce the balance owing on the asphaltic paving contract. Plaintiff further did not at any time make a tender to Defendant of any amount in payment and satisfaction of the Mack truck repairs and parts,
> . . .

Superior disputed the repair bill of $2,492.32 and refused to pay it, allow an offset on the paving contract or tender any amount therefor. In these circumstances, the unilateral credit by Williams against the paving contract did not terminate the lien.

Williams' demand for payment of the open account did not waive the lien or constitute a conversion and cannot be used by Superior as a basis for vitiating the possessory lien. *Brown on Personal Property* § 124, at 611 (2d ed. 1955). Before such a conversion occurs, it must be shown the one in possession has lost its right to refuse to surrender the chattel. 1 Restatement (Second) of Torts § 237 (1965). It is evident Williams did not lose its right to retain possession or its possessory lien because Superior at all times refused to pay and denied the lienable amount later awarded by the trial court. Superior made no objection to the open account and its refusal to pay was not based thereon. If Superior had tendered the amount of the repair bill as presented by Williams or consented to the

Wn.2d 13, 330 P.2d 178 (1958); 18 Am. Jur. 2d *Conversion* § 44 (1965); 89 C.J.S. *Trover and Conversion* § 80 (1955); Restatement (Second) of Torts §§ 222(a), 237 (1965).

22

offset, then the position urged by Superior might have merit. This is not the situation presented in the instant case. Thus, Williams did not lose its possessory lien nor wrongfully retain the truck.

That portion of the judgment awarding Superior damages for conversion of the truck is reversed.

MUNSON, C.J., and EDGERTON, J., concur.

Petition for rehearing denied January 15, 1973.