591 P.2d 999

COUNTRY ESCROW SERVICE, an Arizona Corporation, as Trustee under Trust No. 9164-T, Edward Chesin and Ruth Carol Chesin, husband and wife, Plaintiffs-Appellants,

v.

Kenneth R. JANES, Jr., and Rene Janes, husband and wife, and Kenneth R. Janes, Sr., and Catherine Janes, husband and wife, Defendants-Appellees.

No. 2 CA–CIV 3038.

Court of Appeals of Arizona, Division 2.

Jan. 16, 1979.

Rehearing Denied Feb. 21, 1979.

Review Denied March 13, 1979.

Law Offices of J. Emery Barker by J. Emery Barker and James P. F. Egbert, Tucson, for plaintiffs-appellants.

Mary Anne Peters, Tucson, for defendants-appellees.

## OPINION

RICHMOND, Chief Judge.

This appeal is resolved by our determination of one issue: did evidence of the wrongful eviction of defendants support their recovery on their counterclaim for emotional distress and resulting physical harm?

Country Escrow Service as trustee for Edward and Ruth Carol Chesin commenced an action for unpaid rent. With their answer defendants filed a counterclaim seeking compensatory and punitive damages for fraud, wrongful eviction with intentional infliction of emotional distress, and conversion. At the conclusion of defendants' case on the counterclaim the court granted plaintiffs' motion to dismiss the fraud count but denied similar motions as to the other claims. The jury returned verdicts in favor of Kenneth R. Janes, Jr., and his wife, Rene, in the sum of $21,000 as compensatory damages and $15,000 punitive damages, and in favor of Kenneth R. Janes, Sr., and his wife, Catherine, in the sum of $10,000 compensatory damages and $5,000 punitive damages. The plaintiffs' claim was withdrawn from the jury by agreement of the parties and submitted to the court, which awarded an offset of $864.17 for unpaid rental and $325 for attorney's fees.

The counterclaim went to the jury on general verdicts and it is not possible to determine what portion if any of the awards was for conversion or wrongful eviction. Because we find the evidence insufficient to present a jury question on the claim for intentional infliction of emotional distress, we reverse and remand for a new trial on the other theories.

In determining whether the trial court should have directed a verdict on the counterclaim, we view the evidence most strongly against the plaintiffs and in the light most favorable to defendants. *Sturm v. Heim*, 95 Ariz. 300, 389 P.2d 702 (1964). In the summer of 1975 the parties (with the exception of Kenneth Janes, Sr.) executed a lease for store space in plaintiffs' El Capri Shopping Center. The minimum rent was $536 per month, payable on the first day of each month. Defendants paid the sum of $1,072 as and for the first and last month's minimum rent. Plaintiffs, however, voluntarily applied that sum to the first two months, September and October, 1975. During October the parties agreed to reduce the minimum rental for November and December to $328.78 per month. The November rent was paid at the reduced rate. On or about December 5, Kenneth Janes, Jr., went to Edward Chesin's office in the shopping center to discuss the December rent, which was unpaid. Chesin told him not to worry, they would talk about it later.

Later in December, Chesin submitted to defendants for their signature a statement regarding their tenancy, which was to be used by plaintiffs in applying for a mortgage on the shopping center. On December 31, Kenneth Janes, Sr., informed Chesin that defendants refused to sign the statement as submitted because it did not reflect the reduction in the rental rate for Novem-

ber and December, and because it stated the tenant had no defense of offset or counterclaim against the lessor. On January 3, the second business day after refusal to sign the statement, when Mr. and Mrs. Janes, Jr., went to open the store in the morning they were denied entrance by a uniformed deputy sheriff, who had been employed by Chesin to seize the premises and its contents. The locks in the doors had been changed. It is undisputed that plaintiffs had not given defendants notice by registered mail as required by the lease before it could be terminated for default in the payment of rent. Defendants were unable to regain possession of their inventory and other contents of the store until plaintiffs were ordered a second time to release the contents following two court hearings in February.

The jury was instructed:

Damages for wrongful eviction may include damages for mental pain and anguish, humiliation or embarrassment, and also for any physical harm resulting therefrom, if you further find that plaintiff's conduct under all these circumstances was outrageous.

■ Wrongful eviction is a breach of contract and without more does not give rise to a compensable claim for mental anguish. *Brickey v. Lacy*, 245 Ark. 860, 435 S.W.2d 443 (1968). One may recover for intentional infliction of emotional distress, however, where the offending party's acts are so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded at atrocious and utterly intolerable in a civilized community. *Patton v. First Federal Savings and Loan Association of Phoenix*, 118 Ariz. 473, 578 P.2d 152 (1978). Rene Janes described the incident on January 3:

Q. Did anybody, when you came to the store—excuse me, on January 3rd when the door was locked, did anybody yell at you or scream at you about that thing or was the door just locked and a man inside?

A. The door was just locked and a man was inside.

Q. Did anybody push you or shove you?

A. No.

Q. There was no outburst of any kind?

A. No.

Q. You came, you couldn't get in, and you left?

A. Right.

Although the evidence supports a finding that the eviction was wrongful, we do not believe the plaintiffs' acts amounted to the extreme or outrageous conduct entitling defendants to damages for mental anguish and resulting physical harm. *Patton*, supra; *see also Cluff v. Farmers Insurance Exchange*, 10 Ariz.App. 560, 460 P.2d 666 (1969).

Our resolution of that issue makes it unnecessary to consider questions raised by the plaintiffs regarding medical testimony, denial of various motions to declare a mistrial, and failure to submit requested interrogatories to the jury on the claim for infliction of emotional distress. It does not, however, dispose of two other questions that may arise again on retrial of the remaining claims.

■ Plaintiffs contend it was error to instruct the jury on punitive damages. In their briefs they have treated the question as controlled by the insufficiency of the evidence to support the claim for intentional infliction of emotional distress. We do not so regard it. Punitive damages are allowed where the conduct of the wrongdoer is wanton, reckless or shows spite or ill will. *Nielson v. Flashberg*, 101 Ariz. 335, 419 P.2d 514 (1966). It may be proper to award such damages in an action for conversion. *Continental National Bank v. Evans*, 107 Ariz. 378, 489 P.2d 15 (1971). The evidence supported a claim for punitive damages for conversion. Nevertheless, the award of such damages must be vacated for retrial in the absence of an identifiable award of compensatory damages on that theory.

Finally, plaintiffs contend it was error to admit a tape recording of a phone call in which Chesin asked Janes, Sr., to misrepresent business conditions in the shopping

center. Whatever relevancy the recording may have had, either of a substantive nature or to impeach Chesin's denial that he had ever engaged in such conduct, was eliminated by dismissal of the fraud count.

The judgment in favor of defendants on their counterclaim is reversed and the case is remanded for further proceedings.

HOWARD and HATHAWAY, JJ., concur.