660 P.2d 482

**Kenneth R. JANES, Jr., and Rene Janes, husband and wife; Kenneth R. Janes, Sr., and Catherine Janes, husband and wife, Plaintiffs/Appellees,**

v.

**COUNTRY ESCROW SERVICE, an Arizona corporation, as Trustee under Trust No. 9164–T, and Edward Chesin and Ruth Chesin, husband and wife, Defendants/Appellants.**

**No. 2 CA–CIV 4486.**

Court of Appeals of Arizona, Division 2.

Dec. 9, 1982.

Rehearing Denied Feb. 2, 1983.

Review Denied March 8, 1983.

---

David G. Dingeldine and Richard B. Arrotta, Tucson, for plaintiffs/appellees.

Lesher, Clausen & Borodkin, P.C. by Stephen H. Lesher, Tucson, for defendants/appellants.

## OPINION

HATHAWAY, Judge.

This controversy has been before us previously and we remanded for a new trial on the issues of breach of contract and conversion. *Country Escrow Service v. Janes*, 121 Ariz. 511, 591 P.2d 999 (App.1979). The breach of contract count was dismissed and trial proceeded on the remaining issue, the Janes' claim for conversion. The jury returned a verdict in their favor in the sum of $7,741.29 compensatory damages, and $110,000 punitive damages. Motions for judgment n.o.v., or in the alternative, for new trial, were denied and this appeal followed.

Appellant Edward Chesin operated the El Capri Shopping Center in which the Janes leased a space for their women's clothing store. The lease commenced on September 1, 1975, and was for a five-year term. On January 3, 1976, Chesin excluded the Janes from the premises for failure to pay the rent for the months of December 1975 and January 1976. The locks on the doors were changed and Chesin filed suit against the Janes for the unpaid rent. The Janes answered and counterclaimed alleging that by retaking possession of the store and the property located therein, Chesin had converted the Janes' property, primarily merchandise.

Appellants first contend on appeal that the judgment rendered on the complaint established as a matter of law that the Janes had breached the lease contract. Their complaint alleged that the Janes had breached their contract by failing to make the rental payments and specifically alleged:

"V

Defendants have failed to make the agreed rental payments for the months of December, 1975, and January, 1976.

VI

Pursuant to the terms of the above-described lease, plaintiff advised defendants of their breach of the lease and demanded payment of the rent due and owing.

VII

Defendants failed and refused to pay said rent and have thereby breached the described lease.

VIII

Subsequent to the defendants' breach of said lease, plaintiff re-entered the leased premises and took possession thereof along with the contents therein."

This claim was submitted to the trial court for decision and judgment was entered for the appellants, together with an award of attorney's fees. We further note that the parties, in a pretrial statement, agreed that the lease was terminated on January 3, 1976, by virtue of Chesin's reentry of the premises. No appeal was taken from the judgment, which stated:

"IT IS FURTHER ORDERED that plaintiff COUNTRY ESCROW SERVICE,

INC., as trustee, have judgment on its complaint against defendants KENNETH R. JANES, JR., RENE JANES and CATHERINE JANES in the amount of EIGHT HUNDRED SIXTY FOUR and ¹⁷⁄₁₀₀ (864.17) DOLLARS for rent, tax and maintenance charges which had accrued and were due and owing *prior to the termination* of the lease." (Emphasis added)

It is argued that as a matter of law, the judgment established that the Janes breached the contract and that implicit in that judgment are all findings of fact necessary to support it. *Citizens State Bank of Hugo v. Hall*, 413 P.2d 513 (Okl.1966); *Brasher v. Gibson*, 101 Ariz. 326, 419 P.2d 505 (1966). Such facts would include the findings (1) that the Janes did not pay rent in December and January, (2) that Chesin did not waive the rent and that it was due on December 1 and January 1 as called for in the lease. Appellants argue that because the Janes breached the lease, Chesin did not commit conversion by taking possession of the personal property, citing the following sections from the Arizona Revised Statutes:

"§ 33–361.

A. When a tenant neglects or refuses to pay rent when due and in arrears for five days, or when tenant violates any provision of the lease, the landlord or person to whom the rent is due, or his agent, may re-enter and take possession, or, without formal demand or re-entry, commence an action for recovery of possession of the premises."

"§ 33–362.

A. The landlord shall have a lien on all property of his tenant not exempt by law, placed upon or used on the leased premises, until the rent is paid. . . .

B. The landlord may seize for rent any personal property of his tenant found on the premises, but the property of any other person, although found on the premises, shall not be liable therefor. If the tenant fails to allow the landlord to take possession of such property, the landlord may reduce the property to possession by an action to recover possession, and may hold or sell the property for the payment of the rent."

The judgment establishes that by January 3, 1976, the date of the alleged conversion, the Janes were delinquent in their rent for December and January. No appeal was taken from that judgment and it is the law of the case. A.R.S. § 33–362(A) provides that the landlord ". . . shall have a lien on *all* property of his tenant not exempt by law, placed upon or used on the leased premises, until the rent is paid." (Emphasis added) Section 272 of the Restatement (2d) of Torts, provides that:

"One who is entitled to the immediate possession of a chattel is not liable to another for dispossessing him of it."

And, more specifically addressing the situation before us, is § 273 of the same Restatement which provides:

"Where, by statute or otherwise, a privilege is given to an occupier or owner of land to distrain chattels in the possession of another, the actor is privileged to dispossess the other peaceably of a chattel for such purpose."

Comment a to that section states:

"a. At common law, a landlord could distrain the chattels on the premises of his tenant to secure the payment of rent due. . . . In most jurisdictions, statutes regulate the conditions under which a distraint may be made. Wherever such authority exists, whether by statute or under the common law, the rule stated in this Section is applicable."

Appellants have cited the following two cases for the proposition that one who takes possession of property pursuant to a lien is not a converter. *Superior Asphalt and Concrete Co., Inc. v. Williams Equipment Sales, Inc.*, 8 Wash.App. 18, 503 P.2d 754 (1973); *Artman v. Ray*, 263 Or. 529, 501 P.2d 63 (1972). Appellees have cited no case authority to the contrary, but rely on A.R.S. § 33–361(D) to support their position. A.R.S. § 33–361(D) provides:

"If the tenant refuses or fails to pay rent owing and due, the landlord shall have a lien upon and may seize as much personal property of the tenant located on the

premises and not exempted by law *as is necessary to secure payment of the rent.* If the rent is not paid and satisfied within 60 days after seizure as provided for in this section, the landlord may sell the seized personal property in the manner provided by § 33–1023." (Emphasis added)

Appellees argue that the right of the landlord to seize property is limited by the statute to the amount necessary to secure payment of rent. They ignore A.R.S. § 33–362(A), which grants the landlord a lien on "all property of his tenant not exempt by law, placed upon or used on the leased premises, until the rent is paid." We believe that a reasonable construction of the two sections would afford a landlord the right to proceed as did the landlord here. Appellees' argument that the landlord could seize only personal property equal in value to the amount of the rent due is not realistically in keeping with the statutory scheme devised to handle the problem. The statute governing sale of property seized under lien (A.R.S. § 33–1023) contemplates that more property may be seized than will be required to satisfy the debt. It provides that the proceeds from the public auction to be held for satisfaction of the lien shall be applied to payment of the debt and the balance of the proceeds shall be paid to the person entitled thereto, i.e., the debtor. The common law predecessor to this statutory procedure was called "distress" and contemplated that any property remaining after such a sale had produced the amount of the rent due was to be held for use by its owner. 52 C.J.S., Landlord and Tenant, § 697.

Appellees argue that we previously decided in *Country Escrow Service v. Janes,* supra, that the Janes had a cause of action for conversion because they were wrongfully evicted. The issue previously addressed by this court in *Country Escrow Service v. Janes,* supra, involved a determination of whether evidence of Chesin's wrongful eviction of the Janes supported their recovery for emotional distress. We did note that Chesin had not given the Janes written notice as required by the terms of the lease before the lease was terminated and that the evidence which had been presented supported a finding of wrongful eviction.

Our previous decision, however, has no effect on the disposition of the issue currently before this court which is whether Chesin *converted* the Janes' merchandise and other property located on the leased premises. Although the lease contains a provision which requires Chesin to give the Janes five days written notice before termination for non-payment of rent, the lease also states that the rights and remedies given to the landlord thereunder would be cumulative and in addition to, and not in lieu of, any right or remedy as provided by law. Because Chesin may have wrongfully terminated the lease does not mean he converted the property.

Chesin retained the statutory right to seize the Janes' property even though he was required to give them written notice before terminating the lease. He could have walked into the premises, seized the property and taken it out without being guilty of conversion. Because Chesin had the right to take possession of the property, he cannot be liable for conversion.

Chesin's entitlement to the rent for December and January having been established and fixed by judgment and his entitlement to distrain for satisfaction of that judgment, forecloses appellees' action for conversion for the reasons heretofore discussed. The cause is reversed and remanded with instructions to enter judgment in favor of appellants.

HOWARD, C.J., and BIRDSALL, J., concur.