NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JUNE JOHNSON, et al., *Plaintiffs/Appellants,*

*v.*

SECURE VENTURES LLC, *Defendant/Appellee.*

No. 1 CA-CV 23-0317
FILED 1-25-2024

Appeal from the Superior Court in Maricopa County
No.  CV2022-051559
The Honorable Patricia K. Norris, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

June Johnson, Sun City
*Plaintiff/Appellant*

Carl Johnson, Sun City
*Plaintiff/Appellant*

Evans, Dove, Nelson, Fish & Grier PLC, Mesa
By Trevor J. Fish, Douglas N. Nelson
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge James B. Morse Jr. joined.

---

**C A T L E T T**, Judge:

¶1 Carl and June Johnson (the "Johnsons") appeal the superior court's order dismissing their complaint for failure to state a claim. The Johnsons alleged three claims arising out of an eviction proceeding initiated by Secure Ventures LLC ("Secure Ventures")—a negligence claim against the McDowell Mountain Justice Court ("Justice Court"), an "[i]ntentional [t]ort" claim against Secure Ventures, and a claim for intentional infliction of emotional distress against Secure Ventures. The Johnsons also sought punitive damages. Because, as a matter of law, the Johnsons cannot recover under any of their three theories, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 Secure Ventures purchased the Johnsons' home at a trustee's sale and demanded the Johnsons vacate. When the Johnsons refused, Secure Ventures filed a forcible detainer action in the Justice Court, which issued a judgment evicting the Johnsons. But the superior court, on appeal, concluded that the Justice Court did not have jurisdiction. After additional trial and appellate proceedings, this court ultimately agreed with the superior court that the Justice Court lacked jurisdiction over Secure Ventures' forcible detainer action. *See Secure Ventures, LLC v. Gerlach*, 249 Ariz. 97, 101 ¶ 12 (App. 2020).

¶3 Secure Ventures then filed a forcible detainer action in superior court. The superior court granted judgment in Secure Ventures' favor, finding the Johnsons guilty of forcible detainer and wrongful possession. This court affirmed that judgment. *See Secure Ventures v. Johnson*, CA-CV 20-0135, 2020 WL 7705624 (Ariz. Ct. App. Dec. 29, 2020) (mem. decision).

¶4 Over two years later, the Johnsons brought this action against Secure Ventures, alleging a "[c]laim to recover the economic damages" incurred in the justice court litigation. Secure Ventures moved to dismiss the Johnsons' complaint for failure to state a claim. The superior court

granted the motion in part, concluding the Johnsons were precluded from recovering expenses incurred from the justice court litigation. But the court denied the motion as to the Johnsons' tort claims, instead instructing the Johnsons to amend the complaint to "specifically delineate each claim being made and the facts in support of the claim(s)" and to "specify which tort claim(s) is/are alleged."

**¶5**        The Johnsons filed an amended complaint, alleging a "legal claim of negligence tort . . . against the McDowell Mountain Justice Court," as well as an "[i]ntentional [t]ort" claim and a claim for "[i]ntentional infliction of emotional distress against" Secure Ventures. The Johnsons included a "legal claim" for punitive damages against Secure Ventures. Secure Ventures again moved to dismiss, which the superior court granted with prejudice, concluding further opportunity to amend would be futile.

**¶6**        The Johnsons timely appealed. We have jurisdiction. *See* A.R.S. § 12-120.21(A)(1).

## DISCUSSION

**¶7**        We review the dismissal of a complaint for failure to state a claim *de novo*. *Hopi Tribe v. Ariz. Snowbowl Resort Ltd. P'ship*, 245 Ariz. 397, 400 ¶ 8 (2018). We assume the complaint's well-pleaded facts are true and "affirm only if, as a matter of law, the plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof." *Id.* (cleaned up).

## I.        "Intentional Tort" Claim

**¶8**        The Johnsons first argue that the superior court erred by concluding that their "intentional tort" claim against Secure Ventures was insufficiently specific. The Johnsons argue that the facts they pled in the amended complaint's "[i]ntentional [t]ort" section are sufficient to prove several different tort claims.

**¶9**        Arizona follows a notice pleading standard. Ariz. R. Civ. P. 8; *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419 ¶ 6 (2008). That standard is meant to "give the opponent fair notice of the nature and basis of the claim and indicate generally the type of litigation involved." *Cullen*, 218 Ariz. at 419 ¶ 6. Rule 8 requires a plaintiff to include "a short and plain statement of the claim" to put opposing parties on notice of the specific nature of the claim against which they must defend. Ariz. R. Civ. P. 8(a)(2).

¶10        The Johnsons' amended complaint states that their "second legal claim is [i]ntentional [t]ort against the defendant Secure Ventures" and then includes several paragraphs of facts describing the events surrounding the Johnsons' eviction.  Other than intentional infliction of emotional distress (discussed below), the amended complaint, however, nowhere alleges that Secure Ventures committed any specific intentional tort.

¶11        An intentional tort is a *category* of torts describing a civil wrong resulting from an intentional act—it is not a specific tort claim.  *See Intentional Tort*, Black's Law Dictionary (11th ed. 2019).  Thus, merely alleging Secure Ventures committed an intentional tort against the Johnsons was insufficient to put Secure Ventures on notice of the specific claim it needed to defend.

¶12        On appeal, the Johnsons argue they sufficiently pled an intentional tort claim against Secure Ventures that established "intentional interference in free-living, tortious interference in privacy, and tortious interference with business expectancy."  But identifying specific tort claims in appellate briefing cannot remedy the inadequacy of their actual pleading in the superior court, which they were instructed to amend and given an opportunity to do so.  *See Harris v. Cochise Health Sys.*, 215 Ariz. 344, 349 ¶ 17 (App. 2007) ("[A]n appellate court will not consider issues not raised in the trial court.").  The superior court properly dismissed this claim.

## II.        Intentional Infliction of Emotional Distress

¶13        The Johnsons next argue the superior court erred when it dismissed their intentional infliction of emotional distress claim.  The tort of intentional infliction of emotional distress requires: (1) extreme and outrageous conduct by the defendant; (2) either intent to cause emotional distress or recklessly disregard of the near certainty that such distress will result from the defendant's conduct; and (3) for severe emotional distress to occur because of the defendant's conduct.  *Ford v. Revlon, Inc.*, 153 Ariz. 38, 43 (1987).  "A plaintiff must show that the defendant's acts were 'so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'"  *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 554 (App. 1995) (citation omitted).

¶14        The Johnsons' amended complaint alleges Secure Ventures' conduct was extreme and outrageous because Secure Ventures changed the locks on the property four times, which prevented the Johnsons from

accessing most of their possessions. Contrary to that legal theory, this court has held that a landlord changing the locks, even when wrongfully evicting a tenant, without more, cannot support an intentional infliction of emotional distress claim. *See Country Escrow Serv. v. Janes*, 121 Ariz. 511, 513 (App. 1979).

¶15　　　In *Janes*, the landlord changed the locks on the Janes' retail property and denied access to their belongings without providing the required notice. *Id.* The Janes confirmed there was no physical altercation or other "outburst" related to the lock changing. *Id.* Though the landlord was guilty of wrongful eviction, this court held the Janes could not successfully assert an intentional infliction of emotional distress claim because the landlord's conduct was, as a matter of law, not extreme or outrageous. *Id.*

¶16　　　Though the Johnsons prevailed on their jurisdictional challenge, Secure Ventures prevailed on the right to possession. The Johnsons' allegations, even when considered true, show Secure Ventures did nothing more than act to vindicate its legal rights, and it was ultimately successful in doing so. When a defendant "has done no more than to insist upon his legal rights in a permissible way," the conduct cannot be considered "extreme and outrageous." *See Mintz*, 183 Ariz. at 554 (quoting Restatement (Second) of Torts § 46, cmt. g (1965)). When Secure Ventures obtained the eviction judgment in justice court, it was an open question whether the Justice Court had concurrent jurisdiction. Accordingly, because the Johnsons failed to plead extreme and outrageous acts sufficient to state a claim for relief, the superior court properly dismissed this claim.

## III.　Negligence Claim Against McDowell Mountain Justice Court

¶17　　　The Johnsons next argue that because they were the prevailing party in the Justice Court, Secure Ventures is required to return approximately $24,000 in rent bonds the Johnsons paid. The Johnsons' amended complaint alleges two legal theories for recovering the rent bonds. The first is their claim for "[i]ntentional [t]ort" against Secure Ventures. As discussed, a generic claim for intentional tort is insufficient to state a claim for relief.

¶18　　　The second theory is in the amended complaint's first cause of action for negligence "against the McDowell Mountain Justice Court." The superior court properly dismissed this claim for two reasons. First, the amended complaint did not name the Justice Court as a defendant. Second, even if the Justice Court had been a defendant, the claim would fail under

the doctrine of judicial immunity. *See Acevedo by Acevedo v. Pima Cnty. Adult Prob. Dep't*, 142 Ariz. 319, 321 (1984) ("Judges of courts of general jurisdiction are not liable in a civil action for damages for their judicial acts, even when such acts are in excess of their jurisdiction or are alleged to have been done maliciously or corruptly."); *see Davis v. Burris*, 51 Ariz. 220, 223–25 (1938) (applying judicial immunity to justices of the peace).

**¶19**　　　　On appeal, the Johnsons disavow bringing a cause of action against the Justice Court, arguing instead that they were "just highlight[ing] the ignorance of law and facts in the Justice Court." Yet the Johnsons' amended complaint specifies the negligence cause of action is "against the McDowell Mountain Justice Court," not Secure Ventures. Consequently, the negligence claim, even if intended to run only against Secure Ventures, was insufficient to notify Secure Ventures of a negligence claim. *See Verduzco*, 240 Ariz. at 225 ¶ 11. The superior court properly dismissed the claim.

## IV.　Punitive Damages

**¶20**　　　　Finally, the Johnsons argue that because they sufficiently alleged claims for damages, the court erred in dismissing their "fourth legal claim [for] punitive damages[.]" Punitive damages are a monetary remedy appropriate in certain circumstances when a party has also been awarded actual damages or an equitable remedy—punitive damages are not a standalone legal claim. *See Medasys Acquisition Corp. v. SDMS, P.C.*, 203 Ariz. 420, 424 ¶ 19 (2002). Because the superior court did not err in dismissing the Johnsons' substantive claims, their punitive damages request fails.

### ATTORNEYS' FEES

**¶21**　　　　Secure Ventures requests attorneys' fees on appeal under A.R.S. §§ 12-341.01 and 12-349. In the exercise of our discretion, we deny that request. We award Secure Ventures its costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.

**CONCLUSION**

¶22        We affirm the superior court's judgment.



AMY M. WOOD • Clerk of the Court
FILED:    AA